**In re Allen G. ROGERS and Patricia K. Rogers, Debtors.**

**No. 8:08–bk–01946–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 19, 2008.

---

Mark A. Spence, P.A., New Port Richey, FL, for Debtors.

## ORDER ON DEBTORS' MOTION FOR SUMMARY JUDGMENT AS TO THE TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

PAUL M. GLENN, Chief Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Debtors' Motion for Summary Judgment as to the Trustee's Objection to Property Claimed as Exempt.

The issue is whether the Debtors, Allen G. Rogers and Patricia K. Rogers, are entitled to claim certain personal property as exempt in their Chapter 7 case pursuant to § 222.25(4) of the Florida Statutes.

### Background

The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on February 15, 2008. The petition was filed in the Bankruptcy Court for the Middle District of Florida.

On their Schedule of Real Property, the Debtors listed their joint interest in certain property located at 7831 Treasure Pointe Drive, Port Richey, Florida (the Property). The Debtors reside on the Property.

On their Schedule of Creditors Holding Secured Claims, the Debtors listed HSBC Mortgage Services and Wachovia Mortgage Corporation as creditors claiming liens on the Property. On their Statement of Intention, the Debtors indicated that they intend to reaffirm the debts owed to HSBC Mortgage Services and Wachovia Mortgage Corporation.

The Property was not claimed as exempt on the Debtors' "Schedule C—Property Claimed as Exempt."

On their Schedule of Personal Property, the Debtors disclosed their interest in certain household furnishings and personal effects, two vehicles, a power boat, and other miscellaneous assets.

On their Schedule of Property Claimed as Exempt, the Debtors claimed the two vehicles, the household goods, and other personal property as exempt. The total value of the claimed exemptions was $8,516.00.

On March 6, 2008, the Debtors signed a Reaffirmation Agreement with HSBC Mortgage Services. (Doc. 10). According to the Agreement, the reaffirmed debt is secured by the Property located at 7831 Treasure Pointe Drive in Port Richey.

On April 11, 2008, the Trustee filed an Objection to the Debtors' Exemptions. (Doc. 16). In the Objection, the Trustee asserts that the Debtors' equity in their personal property exceeds the exemptions that are available to them under applicable law.

On April 14, 2008, the Debtors filed a Response to the Trustee's Objection to Debtors' Exemptions. (Doc. 18).

On April 17, 2008, the Debtors filed a Motion for Summary Judgment as to the Trustee's Objection to Property Claimed as Exempt. (Doc. 25).

In both the Response to the Trustee's Objection and the Motion for Summary Judgment, the Debtors contend that (1) they have not claimed their homestead as exempt pursuant to article X, section 4 of the Florida Constitution, and that (2) they are therefore entitled to claim the personal property exemption available under § 222.25(4) of the Florida Statutes.

### Discussion

■ Chapter 222 of the Florida Statutes relates to the real and personal property that Florida residents may claim as exempt from forced sale under any legal process.

Section 222.25 of the Florida Statutes is entitled "Other individual property of natural persons exempt from legal process." Subparagraph 4 was recently added to § 222.25 to provide an expanded personal property exemption to qualified debtors. The new provision, which became effective on July 1, 2007, provides:

**222.25. Other individual property of natural persons exempt from legal process**

The following property is exempt from attachment, garnishment, or other legal process:

. . .

(4) *A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support.*

Fla. Stat. 222.25(4).

■ "The intent of the statute appears to be to give a debtor who lacks homestead protections some extra personal exemptions. *See Proposed Amendment to Personal Property Exemption Statute Fla. Stat. § 222.25*, Bankruptcy/UCC Comm. Business and Law Section, Florida Bar (August 6, 2006). The purpose of these extra exemptions is to give a person who lacks a homestead a minimal amount of property from which to restart their lives." *In re Morales*, 381 B.R. 917, 921 (Bankr. S.D.Fla.2008).

■ Pursuant to the statute's terms, therefore, the extra exemptions are not available to debtors who either (1) claim a homestead exemption under the Florida Constitution, or (2) receive the benefits of

a homestead exemption under the Florida Constitution. The second clause applies to debtors who do not affirmatively claim a homestead exemption. The statute prevents such debtors from claiming the additional personal property exemption if they indirectly "receive the benefits of" the homestead exemption. *In re Gatto,* 380 B.R. 88, 92 (Bankr.M.D.Fla.2007).

To determine a debtor's eligibility for the additional personal property exemption, therefore, a key issue is whether the debtor "receives the benefits" of a homestead exemption under the Florida Constitution.

Several Bankruptcy courts have addressed this issue in cases where the debtor had indicated his intention to surrender his home. In these cases, Courts generally have found that the debtor does not "receive the benefits of a homestead exemption" if (1) he does not claim his home as exempt on his bankruptcy schedules, and (2) he timely and effectively makes a statement showing his clear intention to abandon or surrender the property. *In re Morales,* 381 B.R. at 922, 923. See *In re Martias,* 2008 WL 906776 (Bankr. S.D.Fla.)(The debtor was entitled to the exemption under § 222.25(4) where she did not claim her homestead as exempt, and where she stated her intention to surrender the home on amended schedules); *In re Shoopman,* 2008 WL 817109 (Bankr. S.D.Fla.)(The debtor was entitled to the exemption under § 222.25(4) where he consented to relief from the stay and filed an amended Statement of Intention indicating his intent to surrender the home); and *In re Gatto,* 380 B.R. at 93(The debtors were entitled to the exemption under § 222.25(4) where they elected to surrender their home).

In the case before the Court, however, the Debtors have not stated their intention to surrender their homestead real property. On the contrary, the Debtors' Statement of Intention indicates that they intend to reaffirm the debts secured by the Property, and the Debtors have already reaffirmed the debt owed to the holder of the second mortgage. Despite their apparent intent to retain the Property and continue making the mortgage payments, however, the Debtors contend that they are eligible for the expanded personal property exemption under § 222.25(4) because they did not claim the Property as exempt on their bankruptcy schedules.

The circumstances presented in this case are virtually identical to those presented in *In re Magelitz,* 386 B.R. 879 (Bankr.N.D.Fla.). In *Magelitz,* the debtor did not claim his home as exempt on his schedules. Although the debtor's Statement of Intention was incomplete, the debtor informed the Court that he would continue to make the mortgage payments and retain the home. *In re Magelitz,* 386 B.R. at 881. The Court concluded that the debtor was receiving the benefits of the constitutional homestead exemption, and that he therefore was not entitled to the personal property exemption under § 222.25(4) of the Florida Statutes. *Id.* at 883, 884.

In reaching this decision, the Court first discussed the nature of the homestead exemption provided under the Florida Constitution. Generally, property acquires its homestead status when a debtor acquires title to it and makes it his home. *Id.* at 883(citing *Hutchinson Shoe Co. v. Turner,* 100 Fla. 1120, 130 So. 623 (Fla.1930)). Once these requirements are met, the property is impressed with homestead status under the Florida Constitution.

> The homestead exemption is self-executing in this regard, and the debtor is not required to take any affirmative action to claim the exemption in order for it to apply.

*In re Magelitz,* 386 B.R. at 883. The debtor's failure to file a designation of homestead, for example, does not preclude him from asserting the homestead exemption. *Id.* at 883(citing *Grant v. Credithrift of America, Inc.,* 402 So.2d 486, 488 (Fla. 1st DCA 1981)).

■ Based in part on this "self-executing" nature of the homestead exemption, the Court in *Magelitz* found that a debtor's failure to claim his home as exempt in his bankruptcy case does not affect his receipt of homestead benefits under the Florida Constitution.

> [T]he effect of making an election in bankruptcy to exempt a particular asset on Schedule C only goes to whether that asset is property of the estate for purposes of administration.... However, neither the debtor's failure to claim the home as exempt nor the trustee's decision to abandon it alters the property's homestead status *under state law.*

*Id.* at 883 (Emphasis supplied). Even if a debtor's home is not claimed as exempt in his bankruptcy case, the property retains its homestead status under the Florida Constitution, so that the debtor's post-petition creditors will be unable to pursue the property after the debtor receives his discharge. *Id.*

■ Further, once a home acquires homestead status, the status continues until the home is either abandoned or properly alienated. *Id.* at 883. Homestead status can be waived or terminated only if the property is abandoned or alienated under a method provided by law. *Id.* at 883(citing *Olesky v. Nicholas,* 82 So.2d 510, 512 (Fla.1955)).

Given the nature of Florida's homestead exemption, therefore, the Court in *Magelitz* concluded that the debtor was receiving the benefits of a homestead exemption under the Florida Constitution, even though he had not claimed the property as exempt on his bankruptcy schedules. The debtor in that case intended to retain the home and live in it. He had not abandoned or alienated the property. Consequently, the home continued to enjoy its homestead status under Florida law.

The Court therefore concluded that the debtor in *Magelitz* was not entitled to the additional personal property exemption, since § 222.25(4) does not permit a debtor to keep his home and also receive the enhanced personal property exemption provided by that section. *Id.*

## Conclusion

In the case before the Court, the Debtors listed their ownership interest in the Property located at 7831 Treasure Pointe Drive on their schedule of assets filed with the Bankruptcy petition. The Debtors' address of record is 7831 Treasure Pointe Drive in Port Richey, Florida, and the Debtors appear to reside on that Property. Consequently, it appears that the Property had acquired its Constitutional homestead status as of the date that the Debtors filed the bankruptcy petition.

The Debtors' failure to claim the Property as exempt on their Schedule C, standing alone, does not affect its homestead status under state law. *In re Magelitz,* 386 B.R. at 883.

"Once acquired, homestead status is retained until the property is abandoned or properly alienated." *Id.* at 883(citing *Olesky v. Nicholas,* 82 So.2d at 512).

In this bankruptcy case, the Debtors declared their intention to reaffirm the debts secured by the Property, and have actually entered a Reaffirmation Agreement with the holder of the second mortgage. The Debtors have not moved away from the home, have not consented to relief from the stay, and have not consented to the administration of the Property by

the Chapter 7 Trustee. In other words, the Debtors have not shown a clear and unambiguous intent to abandon the Property. *In re Magelitz,* 386 B.R. at 884 (citing *In re Morales,* 381 B.R. at 921; *In re Gatto,* 380 B.R. at 90; and *In re Franzese,* 383 B.R. at 204–05).

Since the Property had acquired its Constitutional homestead status as of the date of the petition, therefore, and since the Debtors have not abandoned or alienated the Property during their Bankruptcy case, the Court finds that the Debtors are "receiving the benefits of a homestead exemption" under section 4, article X of the Florida Constitution. Because of the Property's homestead status under the Florida Constitution, for example, it is protected from forced sale by the Debtors'

post-petition creditors. *In re Magelitz,* 386 B.R. at 883.

The Court finds that the Debtors are receiving the benefits of the Constitutional homestead exemption. Consequently, they are not entitled to claim the expanded personal property exemption provided by § 222.25(4) of the Florida Statutes.

Accordingly:

**IT IS ORDERED** that the Debtors' Motion for Summary Judgment as to the Trustee's Objection to Property Claimed as Exempt is denied.