[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15355
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60686-CV-AJ,
BKCY No. 07-17750 BKC-JK

DENISE J. DUMOULIN,

Debtor,

_____

LESLIE S. OSBORNE,

Plaintiff-Appellant,

versus

DENISE J. DUMOULIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2009)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Chapter 222 of the Florida Statutes addresses what real and personal property a Florida resident may claim as exempt during certain legal proceedings including bankruptcy. Section 222.25 exempts personal property other than a homestead.[1] In 2007, subparagraph 4 was added to permit a debtor to increase the amount of personal exemptions "if the debtor does not claim or receive the benefits of a homestead exemption." Fla. Stat. § 222.25(4).

In this case, Denise Dumoulin filed a voluntary Chapter 7 bankruptcy petition. Although she initially filed a schedule of assets claiming an exemption for her homestead along with a notice indicating her intent to surrender the property, she later amended the schedule of assets to remove the homestead exemption and seek additional personal property exemptions under Fla. Stat. § 222.25(4). Trustee Leslie Osborne objected to the additional exemptions on the ground that Dumoulin was not entitled to claim exemptions under § 222.25(4). The question presented on appeal is whether a debtor who elects not to claim a homestead exemption and indicates an intent to surrender the property is entitled to the additional exemptions for personal property under Fla. Stat. § 222.25(4). Because this case involves the interpretation of a Florida statute, we certify the

_____

[1] Generally, homestead exemptions arise under the Florida Constitution, Art. X, § 4.

2

controlling question to the Florida Supreme Court.

I. Background

The following facts have been stipulated by the parties: Dumoulin filed a voluntary Chapter 7 bankruptcy petition, initially claiming a homestead exemption and listing her other personal property as a car worth $5,925. Dumoulin indicated that she intended to surrender the homestead property. Dumoulin planned to sell the home, which was in foreclosure proceedings, and rent it from the purchaser. The sale, however, later fell through.

After a creditor's meeting, the trustee demanded Dumoulin remit $4,000 in assets from personal property that exceeded the allowed exemptions. Dumoulin then filed an amended schedule of assets removing the homestead exemption and claiming the majority of the equity in the car as exempt under § 222.25(4). The trustee filed an objection, arguing that the personal property was not exempt because Dumoulin had originally claimed the homestead exemption.

The bankruptcy court overruled the objection, citing In re Gatto, 380 B.R. 88 (Bankr. M.D. Fla. 2007). According to the bankruptcy court, because Dumoulin amended the schedule of assets to remove the homestead exemption and had indicated her intent to surrender the property, Dumoulin had not "*received the benefit*" of the homestead exemption under § 222.25(4) and thus was entitled to

3

additional exemptions.

The trustee appealed to the district court, which affirmed the bankruptcy court's order overruling the objection to the claim of exemption, citing In re Gatto, In re Hernandez, 2008 WL 1711528 (Bankr. S.D. Fla. 2008) and In re Shoopman, 2008 WL 817109 (Bankr. S.D. Fla. 2008). Considering the term "receives the benefit" of the homestead exemption, the court concluded that the plain language of the statute indicated that the debtor was entitled to the additional exemption if she was not claiming the benefit of a homestead exemption on the date of the petition. The court further noted that the debtor had consistently indicated an intent to surrender the property. Although the court adopted a narrow reading of § 222.25(4), the court acknowledged that bankruptcy cases provided some support for the trustee's interpretation of the statute. The trustee now appeals.

II. Standard of Review

In the bankruptcy context, we sit as a "second court of review" and thus "examine[] independently the factual and legal determinations of the bankruptcy court and employ[] the same standards of review as the district court." In re Optical Technologies, Inc., 425 F.3d 1294, 1299-1300 (11th Cir. 2005); In re Issac Leaseco, Inc., 389 F.3d 1205, 1209 (11th Cir. 2004) (quotation marks and citation omitted). Generally, we review legal conclusions by either the bankruptcy court or

4

the district court de novo.[2]  In re Financial Federated Title & Trust, Inc., 309 F.3d

1325, 1328-29 (11th Cir. 2002).

III. Analysis

The trustee argues that both the terms "claim" and "receive the benefits" in

§ 222.25(4) must be given meaning.  According to the trustee, every person who

owns a homestead *receives the benefits* of that homestead and would be precluded

from claiming the exemption.  The trustee explains that the debtor in this case

intended to claim the homestead exemption and then sell the home to someone

who would allow her to rent it and retain possession, thus continuing to receive the

benefits of the homestead.  The trustee further explains that the definition of

benefit includes those interests which are never realized.  The trustee then argues

that the Florida legislature did not intend to increase exemptions for personal

property of homeowners, as indicated by the legislative history.  Finally, the trustee

contends that the district court misunderstood the facts, as there was contradictory

evidence as to whether Dumoulin intended to surrender the property.[3]

---

[2]  Although we generally review factual findings for clear error, In re Financial Federated Title & Trust, Inc., 309 F.3d 1325, 1329 (11th Cir. 2002), in this case the parties stipulated to the facts and the bankruptcy court made no factual findings.

[3]  The trustee also argues that, if the court is to consider the debtor's statement of intention, as it did in this case, the court failed to consider the debtor's contradictory action of initially claiming the homestead exemption and ignored the bankruptcy rules limiting the time in which a debtor can amend the schedule of assets or the statement of intention. Courts have no "discretion to deny amendments to claims of exemption, unless a showing of bad faith by the debtor or prejudice to a creditor is made by clear and convincing evidence." In re Jordan, 332 B.R. 472, 475

Section 222.25 exempts personal property other than a homestead, but allows for an expanded personal property exemption to qualified debtors, i.e., those who did not claim any homestead exemption. Fla. Stat. § 222.25(4).

"The intent of the statute appears to be to give a debtor who lacks homestead protections some extra personal exemptions." In re Rogers, 396 B.R. 100, 102 (M.D. Fla. 2008) (citing Proposed Amendment to Personal Property Exemption Statute Fla. Stat. § 222.25, Bankruptcy/UCC Comm. Business and Law Section, Florida Bar (August 6, 2006)). "The purpose of these extra exemptions is to give a person who lacks a homestead a minimal amount of property from which to restart their lives." Id.; In re Morales, 381 B.R. 917, 921 (Bankr. S.D. Fla.2008).

Under the terms of the statute, the extra exemptions are not available to debtors who either (1) claim a homestead exemption under the Florida Constitution, or (2) receive the benefits of a homestead exemption under the Florida Constitution. Rogers, 396 B.R. at 102-03. The second clause applies to debtors who do not affirmatively claim a homestead exemption. The statute prevents such debtors from claiming the additional personal property exemption if they indirectly "receive the benefits of" the homestead exemption. Id.; In re Gatto,

---

(Bankr. M.D. Fla. 2005) (citing Doan v. Hudgins (In re Doan), 672 F.2d 831, 833 (11th Cir. 1982); In re Talmo, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995)). Here, there is no claim that the debtor acted in bad faith in amending her schedules or that any creditor has been prejudiced. Thus, trustee's argument regarding the timeliness of the amended schedules is without merit.

6

380 B.R. at 92.  Thus, the issue is what constitutes "receiving the benefits" of the homestead exemption.

Bankruptcy courts have concluded that the debtor does not "receive the benefits of a homestead exemption" if (1) she does not claim her home as exempt on the bankruptcy schedules, and (2) she timely and effectively makes a statement showing the clear intention to abandon or surrender the property.  In re Rogers, 369 B.R. at 103 (interpreting § 222.25(4) to allow an additional exemption but concluding that debtor was not entitled to further exemption because he had not indicated his intent to surrender the property); In re Morales, 381 B.R. at 923; In re Martias, 2008 WL 906776 (Bankr. S.D. Fla. 2008) (concluding that the debtor was entitled to the exemption under § 222.25(4) where she did not claim her homestead as exempt and she stated her intention to surrender the home on amended schedules); In re Shoopman, 2008 WL 817109 (Bankr. S.D. Fla.  2008) (holding that the statutory language was plain and unambiguous and the debtor was entitled to the exemption under § 222.25(4) where he consented to relief from the stay and filed an amended Statement of Intention indicating his intent to surrender the home); In re Gatto, 380 B.R. at 93 (explaining that the debtors were entitled to the exemption under § 222.25(4) where they elected to surrender their home).

The trustee's interpretation of the statute, however, finds some support on

7

other bankruptcy court decisions, as the district court itself noted. See In re Franzese, 383 B.R. 197 (Bankr. N.D. Fla. 2008) (concluding that § 222.25(4) bars debtor who *could have claimed* a homestead exemption from exempting personal property). See also In re Magelitz, 386 B.R. 879, 883 (Bankr. N.D. Fla. 2008) (stating that "[a]dmittedly where a homestead has been acquired it can be waived only by abandonment or by alienation in the manner provided by law" and that because the debtor owned the home, lived in it, and intended to continue to reside there, the property has homestead status under Florida law and therefore receives constitutional protection from creditors regardless of whether the debtor claimed a homestead exemption during bankruptcy proceedings).

Because this case presents an interpretation of a Florida statute, we certify the issue to the Florida Supreme Court.

IV. Question Certified

We respectfully certify to the Florida Supreme Court the following question:

Whether a debtor who elects not to claim a homestead exemption and indicates an intent to surrender the property is entitled to the additional exemptions for personal property under Fla. Stat. § 222.25(4).

In certifying this question, we do not intend to restrict the issues considered by the state court and note that discretion to examine this issue and other relevant

8

issues lies with the Florida Supreme Court. <u>Stevens v. Battelle Memorial Institute</u>, 488 F.3d 896, 904 (11th Cir. 2007); <u>Miller v. Scottsdale Ins. Co.</u>, 410 F.3d 678, 682 (11th Cir. 2005) ("Our phrasing of the certified question is merely suggestive and does not in any way restrict the scope of the inquiry by the Supreme Court of Florida."). We also recognize that "latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given." <u>Swire Pacific Holdings Inc. v. Zurich Ins. Co.</u>, 284 F.3d 1228, 1234 (11th Cir. 2002) (citation omitted).

QUESTION CERTIFIED.