**In re Keith P. BROWN and Robin L. Brown, Debtors.**

**No. 8:08–bk–18130–KRM.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 3, 2009.

Sheila D. Norman, Norman and Bullington, P.A., Tampa, FL, for Debtors.

***ORDER GRANTING TRUSTEE'S MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE AND DENYING DEBTORS' MOTION FOR RECONSIDERATION OF ORDER SUSTAINING OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS***

K. RODNEY MAY, Bankruptcy Judge.

The trustee opposes the debtors' claims that each of them is entitled to exempt an additional $4,000 in personal property, pursuant to Section 222.25(4) Florida Statutes, which allows such an exemption to

persons who neither claim, nor receive, the benefit of the Florida Constitution's homestead exemption.[1] For the reasons stated below, the Court concludes that the debtors' election not to claim the homestead exemption in the bankruptcy case is an insufficient basis to claim the additional $4,000 personal property exemption, because they continue to live in the home, make the mortgage payments, and have reaffirmed the mortgage debts. Accordingly, they have not extinguished, and therefore continue to receive as to any post-petition creditors, the benefit of the Florida homestead exemption.

## BACKGROUND

The facts are not in dispute. The debtors filed a joint voluntary petition under Chapter 7 on November 14, 2008. They live in a home in Spring Hill, Florida, having a stated value of $155,000. According to debtors' schedules, the home is encumbered by first and second mortgages totaling $158,888, meaning that the home is likely over-encumbered. The debtors did not claim their home as exempt on Schedule C. They have continued to live in the home and make the regular mortgage payments. The debtors have consistently shown an intention to retain the home (Document No. 1) and they filed reaffirmation agreements with the holders of the first and second mortgages, Flagstar Bank and Regions Bank (Document Nos. 27 and 28).

The Debtors listed $42,884 in personal property, which includes three vehicles (two of which are fully encumbered), business equipment, household goods, bank accounts, cash on hand, a tax refund, and retirement accounts.[2] On Schedule C, the Debtors claimed all of their personal property as exempt.[3]

The Chapter 7 trustee filed an objection to the debtors' claims of exemptions (Document No. 14) (the "Trustee's Objection"). The trustee also filed motions to compel the debtors to turn over (a) their personal property, vehicles, and business equipment and (b) the debtors' 2008 tax returns and tax refund, to the extent that such assets exceed the constitutional personal property exemption of $1,000 for each debtor (Document Nos. 15 and 16). The debtors seek a combined exemption for their personal property of up to $10,000.

On January 15, 2009, the Court entered an Order Sustaining the Trustee's Objection (Document No. 19), to the extent that the claimed value of the personal property exceeds the allowable exemptions under Florida law. On January 28, 2009, the debtors filed Responses to the Trustee's Objection and to both Motions to Compel Turnover (Document Nos. 21–23). At the

1. Fla. Const. Art. X, § 4. This case came on for hearing on February 17, 2009, on the Motion to Compel Turnover of Property of the Estate filed by the Chapter 7 Trustee (Document No. 15), on the Debtors' Response thereto (Document No. 21), and on the Debtors' Response to Trustee's Objection to Property Claimed as Exempt (Document No. 23), which this Court treats as a Motion for Reconsideration of Order Sustaining Objection to Debtors' Claim of Exemptions (Document No. 19).

2. The Debtors scheduled a 1997 Ford Mustang valued at $900, owned free and clear of liens; a 2004 Ford F–450 valued at $28,000 encumbered by the lien of Suncoast Schools Federal Credit Union in the amount of $28,477.11; and a 2006 Honda Odessey valued at $18,000 also encumbered by a Suncoast Schools Federal Credit Union lien in the amount of $21,000.

3. Each of the debtors claimed the constitutional exemption of $1,000 for personal property as well as the $4,000 personal property exemption, pursuant to Section 222.25(4), Florida Statutes, for a total of $10,000 of claimed exemptions.

hearing, the parties agreed that the dispositive issue before the Court was whether the debtors are entitled to claim the enhanced personal property exemption pursuant to Section 222.25(4), Florida Statutes, since they did not claim the Florida Constitution's homestead exemption.[4]

### DISCUSSION

■ Section 222.25(4), Florida Statutes, was adopted in 2007, to enhance the exemption for personal property for persons who do not own a home. *See In re Rogers*, 396 B.R. 100, 102 (Bankr.M.D.Fla.2008). Under this new provision, personal property is exempt "if the debtor does not claim or receive the benefits of a homestead exemption under Section 4, Article X of the State Constitution." Since the debtors in this case have not affirmatively "claimed" the homestead exemption, the Court must determine whether they are "receiving" the benefits of the Florida Constitutional homestead exemption.

In the absence of controlling authority, the debtors urge the Court to follow Judge Williamson's well-crafted opinion in *In re Bennett*, 395 B.R. 781 (Bankr.M.D.Fla. 2008).[5] That case holds that debtors who do not affirmatively claim an exemption for their homestead, thereby making it available for administration and sale by the bankruptcy trustee, are not receiving the benefits of the Constitutional homestead exemption. Thus, they are entitled to the $4,000 personal property exemption.

The trustee, however, argues that the Court should follow other decisions premised on the "self-executing" nature of the Florida homestead exemption—that it is not possible under Florida law to terminate the constitutional exemption without alienating or abandoning the home. *In re Rogers*, 396 B.R. 100, 104 (Bankr.M.D.Fla. 2008); *In re Magelitz*, 386 B.R. 879, 883 (Bankr.N.D.Fla.2008); *In re Franzese*, 383 B.R. 197, 203 (Bankr.M.D.Fla.2008). These cases hold that debtors cannot take the statutory $4,000 personal property exemption in the bankruptcy case if they are actually retaining their home.

■ The rationale in *Bennett* is that by not claiming the homestead in their bankruptcy schedules, the debtors' homes are exposed to administration and sale by the bankruptcy trustee. 395 B.R. at 789–90. Where there is no equity in the home, however, the election not to claim the exemption in bankruptcy court is not, without more, a cessation of the benefit of the Florida Constitution's homestead exemption. The trustee is not likely to administer or sell a home that has no equity to be realized for the estate: eventually, the trustee will abandon the home back to the debtors. In the meantime, such debtors will continue living in their home and will continue to receive the benefit of having their home shielded from future forced sale by creditors whose claims arose after the petition date.[6]

4. The trustee does not dispute that each of the debtors can "stack" the Constitutional personal property exemption of $1,000 with the $4,000 statutory exemption, if it is allowed. *See In re Gatto*, 380 B.R. 88, 94 (Bankr. M.D.Fla.2007).

5. In its recent decision, *Osborne v. Dumoulin*, No. 08–15355, —— Fed.Appx. ——, 2009 WL 1090334 (11th Cir. Apr.23, 2009), the Eleventh Circuit deferred ruling on the trustee's appeal from the district court's affirmance of the bankruptcy court's ruling that the debtor

was entitled to the additional $4,000 personal property exemption where she was not claiming the exemption in the bankruptcy case and had indicated an intent to surrender the property. Instead, the Eleventh Circuit panel certified to the Florida Supreme Court the interpretation of Section 222.25(4) as to the facts of the case.

6. The homestead exemption in Article X of the Florida Constitution provides one benefit—it shields the homestead from forced judicial sale. *In re Hernandez*, Case No. 07–16379–

"[I]n spite of the fact that the homestead was not claimed as exempt on Schedule C, post-petition creditors would not be able to pursue the homestead because of the protection afforded by the self-executing constitutional homestead exemption provision. Thus, by retaining the home, the debtor effectively receives the benefit of the homestead exemption."

*In re Magelitz*, 386 B.R. at 884.

Unless the facts in a particular case indicate more—that the trustee is likely to administer and sell the home,[7] or that foreclosure or surrender of the home to the mortgagee is likely—the mere act of exposing an over-encumbered home to the trustee is a temporary and meaningless event.

These debtors currently live in their home and intend to retain it, as evidenced by their reaffirmation agreements and continued payments of the mortgages. Thus, they are "receiving" the benefit of the Florida Constitution's homestead exemption, despite the fact that they did not affirmatively list the home as exempt on Schedule C. This fact-pattern is essentially the same as in *In re Rogers*, 396 B.R. 100, 105 (Bankr.M.D.Fla.2008), where Judge Glenn found that the debtors had not shown a clear and unambiguous intent to abandon the property. The court concluded that the debtors were "receiving" the benefits of the Florida Constitution's homestead exemption because the home continued to be protected from forced sale by post-petition creditors. *Id.* I agree.

BKC–RAM, 2008 WL 1711528 (Bankr. S.D.Fla.2008); *see also In re Bennett*, 395 B.R. 781, 788 (Bankr.M.D.Fla.2008).

**7.** In the rare case involving over-encumbered property, the trustee may be able to negotiate a short-sale, with the lender's consent and

## CONCLUSION

The Court adopts the reasoning set forth in *In re Magelitz* and *In re Rogers* and concludes that the debtors' election not to claim the homestead exemption in the bankruptcy case, by itself, is an insufficient basis to claim the additional $4,000 personal property exemption, because they continue to live in the home, make the mortgage payments, and have reaffirmed the mortgage debts. Accordingly, they have not extinguished, and therefore continue to receive as to any post-petition creditors, the benefit of the Florida Constitution's homestead exemption. Accordingly, it is

**ORDERED:**

1. The Motion to Compel Turnover of Property of the Estate filed by the Chapter 7 Trustee (Document No. 15) is granted.[8]

2. The Debtors shall have thirty (30) days from the date of this order to turn over to the Trustee the personal property and vehicles or to enter into a buyback arrangement that is mutually agreeable to the parties.

3. The Debtors' Response to Trustee's Objection to Property Claimed as Exempt (Document No. 23), which this Court treats as a Motion for Reconsideration of Order Sustaining Objection to Debtors' Claim of Exemptions (Document No. 19), is denied.

**DONE** and **ORDERED.**

agreement to give up a portion of the proceeds to the trustee (i.e., a "carve out").

**8.** On March 9, 2009, this Court granted the Second Motion to Compel Turnover (Document No. 16) as to the Debtors' 2008 tax returns and tax refund (Document No. 30).