## In re Kevin Richard BURPEE and Candace Mae Burpee, Debtors.

### No. 6:09–bk–07997–ABB.

United States Bankruptcy Court, M.D. Florida.

Oct. 1, 2009.

Robert H. Pflueger, Robert H. Pflueger PA, Altamonte Springs, FL, for Debtors.

### *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Objection to Claim of Exemptions (Doc. No. 12) filed by the Chapter 7 Trustee Robert E. Thomas ("Trustee") and the Response (Doc. No. 13) filed by the Debtors Kevin Richard Burpee and Candace Mae Burpee (collectively, "Debtors"). An evidentiary hearing was held on September 21, 2009 at which the Debtors, the Trustee, and their respective counsel appeared.

The Objection addresses the Debtors' entitlement to the $4,000.00 personal property exemption of Section 222.25(4) of the Florida Statutes, enacted by the Florida Legislature in 2007. The Debtors claim several assets as exempt pursuant to Section 222.25(4) in their Schedule C, including a 2002 Ford Windstar and a 2004 Ford Taurus (Doc. No. 1). They reside at 145 Alhambra Avenue, Altamonte Springs, Florida 32714 ("Property"). Mr. Burpee and his sister own the Property; Mrs. Burpee does not have an ownership interest in the Property.

The Debtors claim fifty percent of the Property's value as exempt homestead

property in Schedule C pursuant to Article X, Section 4(a) of the Florida Constitution and Fla. Stat. Sections 222.01, 222.02, and 222.05 (Doc. No. 1). The Trustee asserts the Debtors are not entitled to claim the Section 222.25(4) exemption because they are receiving the benefits of the homestead exemption.

Courts interpreting Section 222.25(4) have reached differing conclusions on the operation of this controversial statute. *Compare In re Bennett,* 395 B.R. 781, 790 (Bankr.M.D.Fla.2008) (holding where debtors do not affirmatively claim homestead exemption, homestead is subject to administration by the trustee; therefore, debtors are not receiving the benefit of Florida's constitutional homestead exemption and are thus entitled to the $4,000.00 personal property exemption); *with In re Kent,* 411 B.R. 743, 755–56 (Bankr.M.D.Fla.2009); *In re Brown,* 406 B.R. 568, 571 (Bankr. M.D.Fla.2009), *In re Rogers,* 396 B.R. 100, 104 (Bankr.M.D.Fla.2008), *In re Magelitz,* 386 B.R. 879, 884 (Bankr.N.D.Fla.2008), *In re Franzese,* 383 B.R. 197, 205–206 (Bankr. M.D.Fla.2008) (each concluding that, where debtor retains the home, debtor receives the benefit of Florida's constitutional homestead exemption and is not entitled to the $4,000.00 personal property exemption).

Given the divergent opinions of the Courts interpreting Section 222.25(4), the Eleventh Circuit Court of Appeals recently certified the following question to the Florida Supreme Court for resolution: Whether a debtor who elects not to claim a homestead exemption and indicates an intent to surrender the property is entitled to the additional exemptions for personal property pursuant to Florida Statute Section 222.25(4). *Osborne v. Dumoulin (In re Dumoulin )*, 326 Fed.Appx. 498 (11th Cir.2009).

Because the certified question involves the issue raised in this case, because resolution of the issue appears imminent, and in an attempt to avoid a result inconsistent with this upcoming ruling, this Court will abate ruling on the Objection until the decisions of the Florida Supreme Court and Eleventh Circuit are issued. The intent is not to delay the administration of this case or to deprive the Debtors of their requested exemption, but rather to insure the ultimate decision will conform to the decision of a higher court providing much needed guidance on this controversial statute.

The parties have agreed the amount of $3,865.00 is the maximum exemption amount the Debtors may claim for the vehicles pursuant to Section 222.25(4) if the Court finds they are entitled to claim the Section 222.25(4) exemption.

Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that the Court will abate ruling on whether the Debtors are entitled to claim the Fla. Stat. Section 222.25(4) exemption until the decisions of the Florida Supreme Court and the Eleventh Circuit Court of Appeals are issued on the question certified by the Eleventh Circuit Court of Appeals in *In re Dumoulin,* 326 Fed.Appx. 498 (11th Cir.2009); and it is further

**ORDERED, ADJUDGED AND DECREED** that upon entry of the rulings of the Florida Supreme Court and the Eleventh Circuit Court of Appeals and, if desired, the parties shall have thirty days to file any supplemental briefs to clarify or argue any matters relevant to the specific facts of this case; and it us further

**ORDERED, ADJUDGED AND DECREED** that, if it is determined the Debtors are entitled to claim the Fla. Stat. Section 222.25(4) exemption, the claim of

exemption for the vehicles shall be limited to $3,865.00.