**IN RE: Walter A. WALTON and Diane S. Walton, Debtor(s).**

Case No. 13–25585–BKC–RBR

United States Bankruptcy Court, S.D. Florida.

Filed 11/15/2013

Randall L. Leshin, Pompano Beach, FL, for Debtors.

Chapter 7

***MEMORANDUM ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS AND DENYING THE MOTION FOR TURNOVER [D.E. 24]***

Raymond B. Ray, Judge, United States Bankruptcy Court

THIS MATTER came before the Court for a hearing on October 11, 2013, upon the Trustee's Objection to Debtor's Claimed Exemptions and Motion for Turnover [D.E. 24] (the "Objection"). The Trustee objected to Walter A. Walton's $4,000 claim of exemption for personal property

pursuant to Florida Statutes § 222.25(4) (the "Personal Property Exemption") while Diane S. Walton was concurrently claiming the homestead exemption under Section 4, Article X of Florida's Constitution (the "Homestead Exemption") arguing that Mr. Walton is receiving the benefits of the Homestead Exemption. After having considered the Objection, case file, argument of the parties, the proposed orders, and being otherwise duly advised, the Court finds and concludes as follows:

### BACKGROUND

The facts of this case are undisputed. On June 29, 2013 (the "Petition Date"), the Debtors jointly filed this voluntary Chapter 7 petition. At that time, the Debtors were married and residing in the homestead property located at 5924 NW 54th Lane Tamarac, Florida 33319 (the "Real Property"). Importantly, title to the Real Property is solely titled in the name of Mrs. Walton and is not held in tenancy by the entireties ("TBE"). She acquired the Real Property prior to her marriage with Mr. Walton and retains the Real Property in her name alone. On Schedule C, Mrs. Walton claimed the Homestead Exemption for the Real Property and Mr. Walton claimed the Personal Property Exemption, sometimes referred to as the "wildcard" exemption, in order to claim an additional $4,000 in personal property as exempt. On September 19, 2013, the Trustee filed this Objection to Mr. Walton's claim of exemption. On October 11, 2013, the Court conducted a hearing on the matter and took the matter under advisement. [D.E. 29].

### CONCLUSIONS OF LAW

The issue before the Court is whether in a jointly filed case one spouse can claim the Personal Property Exemption, if they have no record interest in the property, while the other spouse concurrently claims the Homestead Exemption. This Court answers in the affirmative based on the fact that husband does not have any interest in the Real Property, TBE or otherwise, and therefore he is not receiving the benefit of the Homestead Exemption.

█ Florida Statutes § 222.25(4), provides in relevant part, that a debtor may claim an exemption "in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." The Homestead Exemption exempts the forced sale of any persons homestead property with three limited exceptions that are not relevant in this case. See Section 4, Article X of Florida's Constitution. In Florida, courts apply a policy of liberal construction to such exemptions, and in doing so narrowly construe any exceptions to the exemption. See Havoco of America, Ltd. v. Hill, 790 So.2d 1018, 1021 (Fla.2001) (citing Milton v. Milton, 63 Fla. 533, 58 So. 718, 719 (1912)).

Previously there was a split among Florida bankruptcy courts as to the interpretation of what it means for a debtor to "receive the benefits of a homestead exemption". Some courts, including this Court, interpreted the phrase broadly to mean that if a debtor is eligible to claim the Homestead Exemption under Florida law then the debtor receives the benefit of the exemption unless there was a clear intent to abandon the homestead property. See e.g., In re Morales, 381 B.R. 917 (Bankr.S.D.Fla.2008); In re Archer, 416 B.R. 900 (Bankr.S.D.Fla.2009); In re Franzese, 383 B.R. 197 (Bankr.M.D.Fla. 2008); In re Rogers, 396 B.R. 100 (Bankr. M.D.Fla.2008); In re Magelitz, 386 B.R. 879 (Bankr.N.D.Fla.2008); In re Kent, 411 B.R. 743 (Bankr.M.D.Fla.2009); In re

*Brown,* 406 B.R. 568 (Bankr.M.D.Fla. 2009).

Other courts embraced the narrow view that a debtor is not receiving the benefits of the Homestead Exemption if the debtor does not affirmatively exempt their property under the Homestead Exemption or shield the property from creditors, and leaves it open for administration by the trustee. *See e.g., In re Gatto,* 380 B.R. 88 (Bankr.M.D.Fla.2007); *In re Maritas,* 2008 WL 7801998 (S.D.Fla.2008); *In re Bennett,* 395 B.R. 781 (Bankr.M.D.Fla. 2008); *In re Hernandez,* 2008 WL 1711528 (Bankr.S.D.Fla.2008); *In re Shoopman,* 2008 WL 817109 (Bankr.S.D.Fla.2008); *In re Watford,* 427 B.R. 552 (Bankr.S.D.Fla. 2010); *In re Abbott,* 408 B.R. 903 (Bankr. S.D.Fla.2009). The Florida Supreme Court in *Osborne v. Dumoulin,* 55 So.3d 577, 582 (Fla.2011) resolved the conflict, and held that the narrow view is appropriate as it gives a full meaning to the language and policy of the Personal Property Exemption. Accordingly, this Court must apply the narrow view in answering the issue presented.

In *Dumoulin,* the Florida Supreme Court analyzed the benefits that stem from claiming the Homestead Exemption and what it means to receive those benefits. *Id.* at 586–90. The court in *Dumoulin* stated that "[t]o give full effect to the statute, we read the personal property exemption liberally and thus read narrowly the phrase restricting the availability of the statutory exemption to those who do not receive the benefits of the homestead exemption." *Id.* at 586. The court determined that the only benefit of the Homestead Exemption is protecting one's homestead from the forced sale and levy by creditors. *Id.* at 587. The express limitation in the Florida Constitution serves to exclude other advantages of owning a home from constituting a benefit within

the meaning of Florida Statutes § 222.25(4). *Id.* "Whether a debtor has equity in the property, lives in the home, or enjoys any other types of tax benefits has no relevance to the question of whether a debtor receives the benefits of the Florida Homestead Exemption." *Bennett,* 395 B.R. at 788 (describing certain advantages that do not constitute a benefit of the Homestead Exemption in an analysis that was adopted in *Dumoulin.*).

Some courts have found that a debtor receives the benefits of the Homestead Exemption when a spouse has claimed the property as homestead and the property is jointly owned as TBE. In *Hernandez,* a case decided before *Dumoulin* but applying the narrow view, the court found that the debtor husband was not entitled to claim the Personal Property Exemption because the non-debtor wife claimed their property held in TBE as homestead. *Hernandez,* 2008 WL 1711528 at *5. The court found that since the wife's homestead rights prevented the trustee from administering the TBE property for the benefit of the couple's joint creditors, then the debtor was receiving the benefits of the Homestead Exemption. *Id.* Similarly, other courts have found that a debtor and non-filing spouse owning a property as TBE meant that the debtor was indirectly receiving the benefits of the Homestead Exemption, and thus the debtor was unable to claim the Personal Property Exemption. *See In re Watford,* 427 B.R. 552, 559 (Bankr.S.D.Fla.2010); *see also In re Barandiaran,* 477 B.R. 842, 843 (Bankr. M.D.Fla.2012).

One court found that when a property was not held in TBE that the debtor was not receiving the benefit of the Homestead Exemption. *See In re Orozco,* 444 B.R. 472, 478 (Bankr.S.D.Fla.2011). In *Orozco,* the debtor did not claim the Homestead Exemption, surrendered the property, and

left the property available for administration by the trustee. *Id.* at 475. The debtor was divorced and therefore no longer owned the property in TBE as only married couples are able to do so. *Id.* at 478. The court found that the debtor was not otherwise receiving the benefit of the Homestead Exemption through her ex-husband, and allowed the debtor to claim the Personal Property Exemption. *Id.*

This Court must apply the framework provided in *Dumoulin* to analyze whether Mr. Walton is receiving the benefits of the Homestead Exemption to determine if he is eligible to claim the Personal Property Exemption. Each debtor's situation must be analyzed on a case-by-case basis after a review of the facts. *See Dumoulin,* 55 So.3d at 589. Moreover, the analysis is limited to the current circumstances because of the present tense language in Florida Statutes § 222.25(4). *Id.* at 588. Whether a debtor previously claimed the benefits or may receive the benefits in the future does not change whether the debtor currently receives the benefit of the Homestead Exemption. *Id.*

In applying the relevant law to the specific facts of this case, the Court determines that Mr. Walton is not receiving the benefits of the Homestead Exemption. In this case, Mrs. Walton presently maintains a premarital 100% ownership of the Real Property. Importantly, the Real Property is not held in TBE. Even if Mr. Walton may at some point in the future be entitled to some form of ownership in the Real Property, it is not relevant to the analysis because he does not have a present ownership interest. Additionally, even if Mr. Walton may receive some indirect advantage by being able to reside in the Real Property by virtue of his wife claiming the Homestead Exemption, *Dumoulin* specifically stated that this alone is insufficient to determine that he is receiving the "benefit" of the Homestead Exemption. *Id.* at 587. If the Real Property was jointly owned in TBE, then the analysis and outcome would be different, but that is not the case here. The Court must focuses on the rights of the creditors who existed as of the Petition Date, and determine whether Mr. Walton is receiving the benefit of protecting the Real Property from forced sale by those creditors. He is not receiving such a benefit. Since the Real Property is not held in TBE, the Debtors' joint creditors are not losing any protection that would otherwise be afforded to them. Finally, Mr. Walton is not otherwise obstructing the Trustee's ability to administer the estate for the benefit of creditors. Therefore, Mr. Walton is permitted to claim the Personal Property Exemption under Florida Statutes § 222.25(4).

Accordingly, it is

**ORDERED** that the Objection to Debtor's Claimed Exemption [D.E. 24] is **OVERRULED** and the Motion for Turnover is **DENIED.**