**In re Lawrence R. JORDAN, Michelyn Murphy Jordan, Debtors.**

**No. 9:04–BK–20343–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Sept. 26, 2005.

█

---

William G. Whitcomb, Fort Myers, FL, for Debtors.

### ORDER ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT

(Doc. No. 73)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is a Motion for Summary Judgment (Doc. No. 73), filed by Lawrence R. Jordan and Michelyn Murphy Jordan (the Debtors). The Motion is filed in a contested matter in which Diane L. Jensen (the Trustee) filed a Second Amended Objection to Claim of Exemption (Doc. No. 39), objecting to one of the Debtors' claims of exemption. The Trustee objects to the Debtors' claim of

certain real property, located at 3181 Aloe Street, Punta Gorda, Florida, (the Punta Gorda Property) as exempt as the Debtors' homestead pursuant to Article X, Section 4 of the Florida Constitution. The basis for the Objection is that the Debtors have already claimed a homestead exemption for property located at 1323 Southwest 47th Terrace, Cape Coral, Florida (the Cape Coral Property), and are only entitled to one homestead residence.

In support of her Motion the Debtor, Mrs. Jordan, filed an Affidavit in which she states under oath that she has been a resident of the State of Florida for three years, that she purchased the subject property in December, 2003, that she moved into that property in January, 2004 and that she and her husband lived there openly, notoriously, and continuously until they filed their joint Petition for Relief under Chapter 7.

In opposition to the Motion and in support of her Objection, the Trustee also filed an Affidavit, in which she states that at the time the Debtors filed their original Schedules they failed to disclose any ownership interest in the Punta Gorda Property. In addition, the Debtors did not claim this property as exempt as homestead on their original Schedule C. In fact, the Debtors claimed as their homestead on their Schedule C the Cape Coral Property. In response to Question 14 on their Statement of Financial Affairs, the Debtors stated that they have lived in their family's furnished home and used their family car. According to the Trustee, the Debtors testified at the Meeting of Creditors held pursuant to Section 341 of the Code that they were leasing the Punta Gorda Property from their sister-in-law Michel Jordan, paying $1,200 a month as rent. According to the Trustee's Affidavit, Mrs. Jordan signed a contract to purchase the Punta Gorda Property in the name of Mi-

chelyn Murphy Jordan, took title to the Punta Gorda Property in the name of Michel Murphy Jordan rather than the name used in her bankruptcy Petition. It also appears from the record in this case, according to the Trustee, that when she purchased the Punta Gorda Property Mrs. Jordan used a social security number different from the social security number used in this case. These are the facts as appear from the record and from the two affidavits filed in support of and in opposition to the Motion under consideration.

It is the Debtors' contention that they have amended their Schedule C, now claim only the Punta Gorda Property, and no longer claim the Cape Coral Property as their homestead. Thus, they contend, this Court should overrule the Trustee's Objection and allow their claim of the homestead exemption for the Punta Gorda Property.

The Trustee in her Objection contends that the Debtors already claimed the Cape Coral Property as exempt and cannot claim two properties as their homestead. For this reason their claim cannot be allowed, her Objection should be sustained, and the Punta Gorda Property should be subject to administration.

Considering the Trustee's Objection, the proposition that no one can claim two separate properties as homestead, except in instances that are not relevant here, is not debatable. The problem, which should be apparent when one considers the record of this case, is that the Trustee's argument is off the mark for the obvious reason that the Debtors no longer claim two properties as exempt, but only claim the Punta Gorda Property as reflected in the Amended Schedule C, and not the Cape Coral Property.

The Debtors' filing their Amended Schedules for their claim of exemption concerning the Punta Gorda Property does

not necessarily mean that the property is exempt and is not the basis for an automatic recognition of their homestead claim. A debtor is freely allowed to amend the schedules without the permission of the court so long as the case remains open. Fed. R. Bankr.P. 1009. Courts do not have discretion to deny amendments to claims of exemption, unless a showing of bad faith by the debtor or prejudice to a creditor is made by clear and convincing evidence. *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir.1982); *In re Talmo*, 185 B.R. 637, 645 (Bankr.S.D.Fla. 1995).

■■■ However, even if a debtor is permitted to amend its schedules, the amendments do not establish substantive rights. "Allowing an amendment claiming an exemption is different from allowing the exemption itself." *Lowe v. Sandoval (In re Sandoval)* 103 F.3d 20, 22 (5th Cir.1997), citing *In re Osborn*, 24 F.3d 1199, 1206 (10th Cir.1994). The amendment merely serves as notice of the claim of exemption and the presumption of the validity of the amended claim evaporates as soon as a party in interest challenges that claim. 11 U.S.C. § 522(*l*).

As previously noted, the Trustee only objected to the claim of exemption on the grounds that the Debtors are claiming two separate properties as exempt, which is not the case at all, because the Debtors are only claiming the Punta Gorda Property, not the Cape Coral Property, through their Amended Schedules, if permitted. If this Court limited the consideration of the Objection to the grounds pled by the Trustee, the Debtors' Motion would be well taken and should be granted.

■■■ However, the Trustee's Affidavit addresses more than the narrow objection framed by the Objection, and alleges facts which if proven may provide alternative grounds to challenge the claim of exemp-

tion. This in turn puts into issue the ultimate question, which is whether the Punta Gorda Property claimed as the Debtors' homestead qualifies for the protection afforded by Article X, Section 4 of the Florida Constitution. In addition, even if the Punta Gorda Property qualifies for the constitutional protection, there is a question as to whether these Debtors have forfeited their right to the exemption or their ability to amend their schedules, based on their conduct as intimated by the Trustee in her Affidavit. It should be evident from the foregoing that there are genuine issues of material fact that require a proceeding in which this Court may make a factual determination.

This record leaves no doubt that the facts as set forth in the Affidavits filed in support of and in opposition to the Motion raise genuine issues of material fact which of course prevents this Court from disposing of the matter under consideration on summary judgment. *See* Fed. R. Bankr.P. 56. Based on the foregoing, this Court is satisfied that this matter requires an evidentiary hearing to give the Trustee an opportunity to establish by competent proof the facts which would warrant a denial of the Debtors' claim of homestead exemption or their Amended Schedules based on the applicable principles of law.

Accordingly it is,

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtors, Lawrence R. Jordan and Michelyn Murphy Jordan, be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a pretrial conference shall be held on *October 27, 2005*, beginning at *9:30 a.m.* at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117,

Courtroom D, 2110 First Street, Fort Myers, Florida, to consider the Trustee's, Diane L. Jensen, Second Amended Objection to Claim of Exemption.