CANADY, C.J.
 

 In this case we consider the circumstances under which a debtor is entitled to the statutory $4000 personal property exemption from legal process for debtors who do not claim or receive the benefit of a homestead exemption. We have for review a question certified by the United States Court of Appeals for the Eleventh Circuit regarding the meaning of section 222.25(4), Florida Statutes (2007) — which contains the personal property exemption — that is determinative of an issue in a bankruptcy case pending in that court and for which there appears to be no controlling precedent from this Court:
 

 Whether a debtor who elects not to claim a homestead exemption and indicates an intent to surrender the property is entitled to the additional exemptions for personal property under Fla. Stat. § 222.25(4).
 

 Osborne v. Dumoulin (In re Dumoulin),
 
 326 Fed.Appx. 498, 502 (11th Cir.2009). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(6), Fla. Const. In line with the legal analysis we adopt, we clarify the issue presented by rephrasing the certified question as follows:
 

 Whether for the purpose of the statutory personal property exemption in section 222.25(4), a debtor in bankruptcy receives the benefits of Florida’s article X, section 4, constitutional homestead exemption where the debtor owns homestead property but does not claim the homestead exemption in bankruptcy and the trustee’s administration of the property is not otherwise impeded by the existence of the homestead exemption.
 

 For the reasons explained below, we answer the question in the negative.
 

 I. BACKGROUND
 

 The parties previously stipulated to the essential facts of the case. Denise Dumou-lin (Debtor) filed a voluntary chapter 7 bankruptcy petition in federal court.
 
 See 11
 
 U.S.C. §§ 301, 701-07 (2006). In her petition, she claimed her Fort Lauderdale home as exempt under article X, section 4 of the Florida Constitution, thus removing it from the bankruptcy estate. She also indicated her intent to surrender the real property. At the time of filing, the Debtor planned to sell her home and lease it back from the purchaser. The sale transaction, however, was not consummated.
 

 After the creditors’ meeting,
 
 see
 
 11 U.S.C. § 341 (2006), Osborne, the bankruptcy trustee (Trustee), demanded the sum of $4000 in assets from the Debtor’s personal property that exceeded the amount of the allowed exemptions under the Bankruptcy Code. (This amount represented most of the Debtor’s equity in her car.) The Debtor then filed amendments to her bankruptcy petition, deleting the
 
 *581
 
 homestead exemption and newly claiming the $4000 personal property exemption of section 222.25(4), Florida Statutes (2007), the statute at issue in this case. The Trustee objected to the claimed exemption, arguing that the Debtor was not entitled to claim it because she had a homestead. The bankruptcy court, however, overruled the objection and denied the motion for turnover of the personal property. The bankruptcy judge held that the Debtor was not precluded from claiming the statutory personal property exemption, noting that the Debtor intended to surrender the real property and no longer claimed the constitutional homestead exemption.
 

 The Trustee appealed the ruling, and the federal district court affirmed the order overruling the Trustee’s objection. The Trustee then appealed to the circuit court.
 
 Osborne,
 
 326 Fed.Appx. at 500. Confronted with the question of how to interpret section 222.25(4), the Eleventh Circuit reviewed several bankruptcy cases that offered conflicting views regarding its meaning and certified a question to this Court.
 
 Id.
 
 at 501-02.
 

 II. ANALYSIS
 

 This case presents an issue of first impression in our state courts regarding the meaning of section 222.25(4), and our answer to the certified question will resolve an ongoing conflict in the bankruptcy courts.
 
 [1]
 
 The determination of the meaning of a statute is a question of law and thus is subject to de novo review. To give effect to the meaning intended by the Legislature, courts begin by examining the words of a statute to determine its plain and ordinary meaning.
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (citing
 
 A.R. Douglass, Inc. v. McRainey,
 
 102 Fla. 1141, 137 So. 157, 159 (1931)). Only when the statutory language is unclear or ambiguous is it necessary to apply principles of statutory construction to discern its meaning.
 
 Tropical Coach Line, Inc. v. Carter,
 
 121 So.2d 779, 782 (Fla.1960).
 

 We begin our analysis with a review of the text of section 222.25(4) and section 4 of article X of our constitution as well as the rules of construction that apply to such exemptions. We then examine the legal context of the exemption statute. Next, we describe the basic conflict in the bankruptcy courts over the statute’s meaning and, finally, we resolve the conflict and answer the rephrased certified question.
 

 A. The Statutory Personal Property Exemption and the Constitutional Homestead Exemption
 

 Section 222.25, Florida Statutes, provides in pertinent part as follows:
 

 222.25. Other individual property of natural persons exempt from legal process. — The following property is exempt from attachment, garnishment, or other legal process:
 

 [[Image here]]
 

 (4) A debtor’s interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support.
 

 (Footnote omitted.) Section (4) was added to the statute in 2007. Ch.2007-185, § 1, Laws of Fla. (effective July 1, 2007). This exemption, sometimes referred to as the “wild card” exemption, permits an individual to exempt $4000 in personal property from the reach of creditors as long as the
 
 *582
 
 individual “does not claim or receive the benefits of’ the article X homestead exemption. This statutory personal property exemption is distinct from the personal property exemption provided in our constitution. Art. X, § (4)(a)(2), Fla. Const, (exempting from forced sale or levy “personal property to the value of one thousand dollars”). Only the statutory exemption is at issue here.
 

 Section 4, article X of the Florida Constitution provides in pertinent part as follows:
 

 SECTION 4. Homestead; exemptions.—
 

 (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
 

 (1) a homestead....
 

 With regard to the homestead exemption, this Court “has long been guided by a policy favoring the liberal construction of the exemption.... A concomitant in harmony with this rule of liberal construction is the rule of strict construction as applied to the exceptions.”
 
 Havoco of America, Ltd. v. Hill,
 
 790 So.2d 1018, 1021 (Fla.2001) (citing
 
 Milton v. Milton,
 
 63 Fla. 533, 58 So. 718, 719 (1912)). We apply the same rule of liberal construction in favor of the statutory exemption to determine when a debtor “receive[s] the benefits” of the homestead, exemption and thus becomes ineligible to claim the section 222.25(4) personal property exemption.
 

 B. The Legal Context of the Statute
 

 Before we examine the conflict in the bankruptcy courts regarding section 222.25(4), we outline the context of the statute within Florida and federal law. First, the constitutional homestead exemption to which the statute refers “protects the homestead against every type of claim and judgment except those specifically mentioned in the constitutional provision itself.”
 
 Olesky v. Nicholas,
 
 82 So.2d 510, 513 (Fla.1955).
 
 [2]
 
 “According to the plain and unambiguous wording of article X, section 4, a homestead is
 
 only
 
 subject to forced sale for (1) the payment of taxes and assessments thereon; (2) obligations contracted for the purchase, improvement or repair thereof; or (3) obligations contracted for house, field or other labor performed on the realty.”
 
 Havoco,
 
 790 So.2d at 1022 (quoting
 
 Butterworth v. Caggiano,
 
 605 So.2d 56, 60 (Fla.1992));
 
 see Wilhelm v. Locklar,
 
 46 Fla. 575, 35 So. 6, 6 (1903) (“No judgment is a lien on said property unless it come[s] within the exceptions of the Constitution.”);
 
 see, e.g., Ilkanic v. City of Fort Lauderdale,
 
 705 So.2d 1371, 1373 (Fla.1998) (“[T]he civil restitution lien [§ 960.293, Fla. Stat. (Supp.1994) ] cannot be a cloud on homestead property.”);
 
 Demura v. County of Volusia,
 
 618 So.2d 754, 756 (Fla. 5th DCA 1993) (“Although the statute [§ 162.09, Fla. Stat. (1991) ] merely provides that any lien created pursuant to an administrative fine may not be foreclosed on real property which is homestead, the Constitution itself goes much farther: No such lien
 
 exists
 
 as to such homestead property.”).
 

 When a person acquires property and makes it his or her home, the property is “impressed with the character of a
 
 *583
 
 homestead, and no action of the Legislature or declaration or other act on [the owner’s] part [is] required to make it [the owner’s] homestead, for it [is] already such in fact.”
 
 Hutchinson Shoe Co. v. Turner,
 
 100 Fla. 1120, 130 So. 623, 624 (1930) (citing
 
 Baker v. State,
 
 17 Fla. 406, 408-09 (Fla.1879) (stating that under the constitutional provision, the homestead is “exempt from forced sale, whether [the owner] has or has not been threatened with executions or other process”)). Further, we have stated that “where a homestead has been acquired it can be waived only by abandonment or by alienation in the manner provided by law.”
 
 Olesky,
 
 82 So.2d at 512;
 
 see Fidelity & Cas. Co. of New York v. Maywood,
 
 107 Fla. 208, 145 So. 67, 68 (1932) (“As the right of homestead once acquired continues until terminated in the manner provided by law, the protection of the right may be exercised by one entitled thereto so long as the homestead character and attributes of the property exist.”);
 
 see also Chames v. DeMayo,
 
 972 So.2d 850, 862 (Fla.2007) (holding waiver of the homestead exemption from forced sale in an unsecured agreement is unenforceable).
 

 Chapter 222, Florida Statutes (2007), which is entitled “Method of Setting Apart Homestead and Exemptions,” includes both the statutory exemption at issue and other provisions pertinent to both the statutory personal property exemption and the constitutional homestead exemption. Sections 222.01 and 222.02 provide a means whereby a person may claim property as homestead and notify judgment creditors of the property’s exempt status under article X, section 4, either pre- or post-levy.
 
 See Grant v. Credithrift of America, Inc.,
 
 402 So.2d 486, 488 (Fla. 1st DCA 1981). Failure to employ these statutory methods for asserting a homestead exemption claim, however, does not waive the right to the homestead exemption.
 
 Albritton v. Scott,
 
 73 Fla. 856, 74 So. 975, 975 (1917) (“When a homestead to which the exemption from forced sale is attached is sold in violation of the exemption rights conferred by the Constitution, such sale is void. A mere failure to resist the sale is not a waiver of the exemption rights.”);
 
 see Maywood,
 
 145 So. at 68 (“It is true that the appellee here could have interposed his claim of homestead exemption in that [earlier] suit, but, having failed to interpose it there, he is not precluded from exercising his constitutional right to contest his ouster from his homestead.”).
 

 Finally — and importantly — another provision in chapter 222 explains why the Eleventh Circuit has asked this Court essentially to resolve a conflict in the bankruptcy courts over the applicability of the section 222.25(4) exemption. Bankruptcy is governed by federal law, but states may opt out of the federal bankruptcy exemptions of 11 U.S.C. § 522(d) (2006) and determine the exemptions allowed to debtors.
 
 See
 
 11 U.S.C. § 522(b). Florida has done so in section 222.20, Florida Statutes.
 
 [3]
 
 Accordingly, when a Florida resident files for bankruptcy, Florida law determines which
 
 *584
 
 property the debtor may exempt from the bankruptcy estate and administration by the trustee.
 

 C. The Conflict in the Bankruptcy Courts
 

 Under section 222.25(4), the $4000 personal property exemption is available to any debtor who “does not claim or receive the benefits” of the article X homestead exemption. Since this statutory exemption became effective in 2007, the bankruptcy courts have struggled with its application as evidenced by the many cases exhaustively outlining the conflicts that have arisen over the meaning of the statute.
 
 See, e.g., In re Abbott,
 
 408 B.R. 903, 909 (Bankr.S.D.Fla.2009);
 
 In re Hernandez,
 
 21 Fla. L. Weekly Fed. B299, B300, 2008 WL 1711528 (Bankr.S.D.Fla. Apr. 10, 2008);
 
 In re Magelitz,
 
 386 B.R. 879, 880-81 (Bankr.N.D.Fla.2008). The nub of the problem is that — as evidenced by the foregoing discussion — under Florida law the homestead exemption does not have to be claimed to be effective against creditors. The bankruptcy courts have differed on the role that this aspect of Florida law plays in bankruptcy proceedings. As a result, the bankruptcy courts have expressed disparate views on whether and how a debtor with a Florida homestead is entitled to the section 222.25(4) personal property exemption. Two decisions well illustrate the differing approaches to this problem.
 

 1.
 
 In re Magelitz
 

 In
 
 Magelitz,
 
 the debtor filed a voluntary petition for bankruptcy, and his Florida homestead automatically became property of the bankruptcy estate. 386 B.R. at 883;
 
 see
 
 11 U.S.C. § 541 (2006). The debtor did not, however, claim the homestead exemption to remove the property from the bankruptcy estate. Instead, he claimed the section 222.25(4) personal property exemption.
 
 In re Magelitz,
 
 386 B.R. at 881. When the trustee objected to the debtor’s claim of the personal property exemption, the debtor argued that by not claiming his home as exempt, he did not receive the benefits of the article X exemption and was thus eligible for the section 222.25(4) exemption.
 
 Id.
 
 at 880.
 

 After reviewing Florida case law on the article X homestead exemption, the bankruptcy judge concluded that
 
 “[s]ince the Debtor in this case owns the home, lives in it, and intends to continue to reside there, the property has homestead status under Florida law and therefore receives constitutional protection from creditors regardless of the Debtor’s failure to claim the homestead exemption.” In re Magelitz,
 
 386 B.R. at 883 (emphasis added). The court discounted the debtor’s decision in bankruptcy not to exempt an asset from administration by the trustee, concluding that in eases in which an asset has no equity the trustee typically abandons the property to the debtor.
 
 Id.
 
 Thus, the court concluded that the debtor’s failure to claim the homestead exemption in bankruptcy had no effect on the debtor’s receipt of the benefits under the article X exemption. The court reasoned as follows:
 

 Before the Debtor filed his bankruptcy petition, creditors were prevented from executing or obtaining judgment liens against his homestead by Art. X, § 4, Fla. Const. Now that the petition has been filed, the creditors are stayed from taking such action by 11 U.S.C. § 362, and since a debtor’s exemptions in bankruptcy are determined as of the date of the filing of the petition, 11 U.S.C. § 522(b)(3)(A);
 
 In re Peterson,
 
 897 F.2d 935, 937 (8th Cir.1990), a debt- or who owns property that has the status of homestead on the petition date is entitled to assert the constitutional homestead exemption in the bankruptcy
 
 *585
 
 ease. Then, after the debtor is discharged, in spite of the fact that the homestead was not claimed as exempt on Schedule C, post-petition creditors would be [sic] not be able to pursue the homestead because of the protection afforded by the self-executing constitutional homestead exemption provision.
 
 Thus, by retaining the home, the debtor effectively receives the benefits of the homestead exemption. If the Debtor retains possession of the homestead while also claiming the additional wildcard personal property exemption, he would be able to shield the home from creditors under Art. X, § ⅛, Fla. Const, and protect additional personal property under Fla. Stat. § 222.25(h) at the same time. The Florida Legislature did not intend this result
 
 — a
 
 debtor cannot keep a home and also receive the enhanced personal property exemption under Fla. Stat. § 222.25(h).
 

 Id.
 
 at 883-84 (emphasis added).
 

 The court then ruled that the debtor received the benefit of the homestead exemption by staying in the home and could not claim the statutory exemption. Accordingly, the bankruptcy court held that “in order for a debtor who has an interest in a homestead to claim the $4,000 personal property exemption under Fla. Stat. § 222.25(4), the debtor must (1) not claim the property as exempt, and (2) timely and properly show a clear and unambiguous intent to abandon the property.”
 
 Id.
 
 at 884;
 
 see In re Gatto,
 
 380 B.R. 88, 95 (Bankr.M.D.Fla.2007) (“Because the Debtors did not claim their homes as exempt, and because they are surrendering their respective homes, they will receive no benefit of the homestead exemption under section 4, article X of the Florida Constitution. As a result, they are entitled to the Statutory Personal Property Exemption provided for by section 222.25(4), Florida Statutes.”). Under the reasoning in
 
 Ma-gelitz,
 
 the debtor’s election not to claim the homestead as exempt from administration by the bankruptcy trustee had no effect on the debtor’s eligibility to claim the statutory personal property exemption.
 

 2.
 
 In re Bennett
 

 About six months after
 
 Magelitz
 
 issued, a different bankruptcy judge also addressed the problem of applying section 222.25(4) in light of Florida’s history regarding the article X homestead exemption.
 
 In re Bennett,
 
 395 B.R. 781, 784 (Bankr.M.D.Fla.2008). That court held that in federal bankruptcy proceedings a debtor may cease to receive the benefits of the article X homestead exemption without abandoning the real property.
 

 In
 
 Bennett,
 
 a consolidated case, none of the debtors claimed the homestead exemption. 395 B.R. at 784. Further, although several debtors indicated an intent to abandon their homestead, others did not.
 
 Id.
 
 After reviewing Florida law, the court acknowledged — as had other bankruptcy courts — that “there is little that a homeowner can do
 
 under Florida law
 
 to lose the protection of homestead [under article X].”
 
 Id.
 
 at 789 (emphasis added) (citing
 
 Magelitz).
 
 The court, however, determined that a debtor in bankruptcy who continues to occupy homestead property may nonetheless cease to receive the benefits of the exemption.
 

 As some courts have noted, it is not possible under Florida law to stop receiving the benefits of the Homestead Exemption without abandonment or alienation. If all who could claim the exemption were to automatically receive the benefits of the Homestead Exemption in the context of a bankruptcy, then the decisions in
 
 Magelitz, Franzese
 
 [383 B.R. 197 (Bankr.M.D.Fla.2008)] and
 
 Morales
 
 [381 B.R. 917 (Bankr.S.D.Fla.2008) ] would be persuasive in holding
 
 *586
 
 that mere eligibility is sufficient and the language of the Statutory Exemption provision would be largely unnecessary.
 
 However, it is clear to this Court that a debtor in bankruptcy may cease to receive the benefits of the Homestead Exemption regardless of whether that protection could cease under the operation of Florida law alone.
 

 Pursuant to § 522(b)(1) of the Bankruptcy Code, “an individual debtor may exempt from property of the estate” various items or amounts specified under either the federal or state scheme of exemptions.
 
 The term “may” indicates that the debtor is not required to claim exemptions. If the debtor does not choose to exempt the homestead under the Florida Homestead Exemption, the real property remains property of the estate under § 511 of the Bankruptcy Code and is subject to administration by the trustee.
 
 As a non-exempt asset, any equity left in the property after the secured claims have been satisfied could be used to satisfy the claims of unsecured creditors. In that situation, a debtor is not receiving the benefits of the Homestead Exemption’s protection of the homestead from forced judicial sale.
 

 ...
 
 [I]t is this Court’s conclusion that debtors who do not affirmatively exempt their homestead under § 522(b)(1) and the Homestead Exemption, but instead leave it available for administration by the Chapter 7 trustee, neither have claimed nor received the benefits of the Homestead Exemption found in Article X of the Florida Constitution.
 
 It is important to note that the Chapter 7 trustee need not actually administer the homestead for it to lose the protection of the Article X Homestead Exemption. That the homestead would not be protected were the trustee to decide to administer it is sufficient, because this means that the protection afforded by the Homestead Exemption has ceased.
 

 In re Bennett,
 
 395 B.R. at 789-90 (citations omitted) (emphases added).
 

 Both the
 
 Magelitz
 
 and the
 
 Bennett
 
 courts agree that under Florida law the article X homestead exemption is effective against creditors in all but the three express instances described in the Florida Constitution and is lost only through abandonment of the homestead. On the basic issue of the effect this has in bankruptcy proceedings, however, the courts have arrived at opposite conclusions. For the court in
 
 Magelitz,
 
 the homestead debtor in bankruptcy cannot claim the section 222.25(4) exemption absent abandonment of the homestead property. The court in
 
 Bennett,
 
 however, concluded that bankruptcy is different. Failure to claim a homestead exempt in bankruptcy proceedings necessarily makes the homestead subject to administration for the benefit of creditors. Thus, under
 
 Bennett,
 
 absent other factors not relevant here, a debtor with a homestead is eligible to claim the section 222.25(4) personal property exemption without abandoning the homestead property.
 

 D. Resolving the Conflict and Answering the Question
 

 The persons excluded from using the section 222.25(4) personal property exemption are those who “claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution.” To give full effect to the statute, we read the personal property exemption liberally and thus read narrowly the phrase restricting the availability of the statutory exemption to those who do not receive the benefits of the homestead exemption.
 

 1. What Are the “Benefits”?
 

 Section 222.25(4) expressly states that the “benefits” are those of the home
 
 *587
 
 stead exemption of article X, section 4 of this state’s constitution. As we have previously stated, with three express exceptions this constitutional homestead exemption protects a person’s homestead against forced sale and levy.
 
 See
 
 art. X, § 4, Fla. Const. Thus, the protection of the homestead from creditors constitutes the only “benefits” of the article X homestead exemption.
 
 See In re Abbott,
 
 408 B.R. at 908 (“The benefits contemplated under the statute are those derived from the constitutional homestead exemption, i.e., protecting the home from forced sale by creditors.”). The express limitation of “benefits” to this constitutional provision necessarily excludes other constitutional or statutory tax exemptions related to one’s homestead,
 
 see
 
 art. VII, § 6, Fla. Const., and any other advantages of owning or occupying a home.
 
 See Moonlit Waters Apartments, Inc. v. Cauley,
 
 666 So.2d 898, 900 (Fla.1996) (stating statutory construction principle of “expressio uni-us est exclusio alteráis,” i.e., “the mention of one thing implies the exclusion of another”).
 

 Several of the federal bankruptcy courts reached this same conclusion based on the limiting language within the statute.
 
 See, e.g., In re Bennett,
 
 395 B.R. at 788 (“Whether a debtor has equity in the property, lives in the home, or enjoys any other types of tax benefits has no relevance to the question of whether a debtor receives the benefits of the Florida Homestead Exemption.”);
 
 In re Hernandez,
 
 21 Fla. L. Weekly Fed. at B300 (“If the legislature meant to exclude from the Statutory Personal Property Exemption all homeowners who owned homes on the petition date which met the constitutional definition of a homestead, the statute could have plainly and easily been written to exclude all individuals owning homes
 
 eligible
 
 for the constitutional exemption. That, of course, is not what the statute says. Rather, it excludes only those who
 
 receive the benefits of
 
 the constitutional exemption.”);
 
 In re Gatto,
 
 380 B.R. 88, 93 (Bankr.M.D.Fla.2007) (“[The Trustees] point to benefits that are incidental to the ownership of a home such as the acquisition of owner’s equity, the ability to deduct mortgage interest, and the exemption and cap on real estate taxes. None of these benefits derive from the exemption for a homestead from the reach of creditors under section 4, article X of the Florida Constitution.”).
 

 2. Receiving the Benefits
 

 Having established that the “benefits”-cited in section 222.25(4) refer only to the _ protection of the homestead from the reach of «'editors provided by the article X homestead exemption, we now determine what it means to “claim or receive” those benefits within the meaning of the personal property exemption statute. As acknowledged by the courts in both
 
 Magelitz
 
 and
 
 Bennett,
 
 under Florida law a debtor need not claim the article X exemption to obtain its protections — the provision is self-executing. Further, the' benefits of the constitutional exemption ordinarily cannot be waived or lost absent abandonment or alienation of the homestead property. However, as one court has stated, “[B]ankruptcy adds another dimension to the analysis.”
 
 In re Abbott,
 
 408 B.R. at 909.
 

 In bankruptcy, a debtor’s property becomes property of the bankruptcy estate.
 
 See
 
 11 U.S.C. § 541. A debtor, however, “may exempt from property of the estate” the property permitted under Florida and federal law. 11 U.S.C. § 522. Thus, the debtor in bankruptcy has the option of claiming the homestead as exempt from the bankruptcy estate.
 
 In re Bennett,
 
 395 B.R. at 790;
 
 accord In re Abbott,
 
 408 B.R. at 910. If a debtor claims the homestead exemption, then he. or she
 
 *588
 
 receives the benefits — the homestead’s protection from creditors. Alternatively, the debtor may choose
 
 not
 
 to exempt the homestead from the bankruptcy estate. When the debtor in bankruptcy does not claim the homestead exemption, the debtor effectively surrenders the homestead to the trustee for administration.
 
 In re Bennett,
 
 395 B.R. at 790-91. Thus, the additional step of actual abandonment of the real property or an expression of intent to abandon the homestead is not required to bring the debtor within the category of those debtors who do “not claim or receive the benefits of [the article X] homestead exemption.” As the
 
 Bennett
 
 court correctly concluded, when the real property which has been occupied by a debtor as his homestead becomes subject to administration by the bankruptcy trustee, the debtor has lost the benefits of the homestead exemption.
 

 In some cases, a bankruptcy trustee may decide not to administer the homestead property but to leave the home ■ in the debtor’s possession because, for example, there is little or no equity in the home. This decision by the trustee, however, does not negate the debtor’s loss of the benefits of the homestead exemption. Whatever benefits may flow to the debtor as a consequence of the trustee’s decision, those benefits are not “benefits of a homestead exemption.” Because the debtor did nothing to prevent the administration by the trustee of the real property which constituted the debtor’s home, the homestead exemption has ceased to have any legal effect with respect to that property, and the debtor has lost the benefits of the homestead exemption.
 
 Id.
 
 at 790;
 
 see In re Abbott,
 
 408 B.R. at 910 (“By not claiming the homestead exemption in bankruptcy, the debtor ceases to receive the benefit of protecting the home from the claims of creditors and takes the chance that the trustee may administer the property.”).
 
 Contra In re Brown,
 
 406 B.R. 568, 571 (Bankr.M.D.Fla.2009) (“Unless the facts in a particular case indicate more — that the trustee is likely to administer and sell the home, or that foreclosure or surrender of the home to the mortgagee is likely — the mere act of exposing an over-encumbered home to the trustee is a temporary and meaningless event.”).
 

 Some courts examining the “claim or receive the benefits” language of the personal property exemption statute have focused on the limiting nature of these verbs. As the court in
 
 Gatto
 
 observed, the “word ‘receive’ is in the present tense.”
 
 In re Gatto,
 
 380 B.R. at 91. The court found this “consistent with the general proposition that a debtor’s entitlement to an exemption is determined as of the date of the [bankruptcy] petition.” Id;
 
 see In re Morales,
 
 381 B.R. at 920 (“A striking feature of the language of the statute is that it is written in the present tense. Therefore, the fact that a debtor may have claimed or received the benefits of a homestead exemption in the past would appear to have no bearing on the application of the statute to a debtor’s present situation.”).
 

 We agree that use of the present tense of the verbs in section 222.25(4) narrows the relevant time that a debtor receives the benefits of the article X homestead exemption to the period when the debtor asserts the personal property exemption. The personal property exemption is unavailable to a debtor asserting that exemption who is contemporaneously claiming or receiving the benefit of the homestead exemption.- Accordingly, whether a debtor in bankruptcy could claim the homestead exemption, previously received the benefits of the homestead exemption, or may receive such protection after discharge from bankruptcy does not
 
 *589
 
 constitute receiving the benefits of the article X homestead exemption within the meaning of the personal property exemption.
 
 See In re Bennett,
 
 395 B.R. at 788 (“There would be no reason for the legislature to have allowed the exemption for a debtor who ‘does not claim or receive the benefits of if it truly meant merely that a debtor ‘could claim’ or ‘is eligible to claim’ the Homestead Exemption.”);
 
 see also In re Abbott,
 
 408 B.R. at 910 (“Therefore, whether a debtor acquires equity in the property in the future is irrelevant to the issue of whether the debtor receives the benefits of the homestead exemption as of the petition date.”);
 
 In re Hernandez,
 
 21 Fla. L. Weekly Fed. at B300 (“In allowing or disallowing a debtor’s attempt to claim the Statutory Personal Property Exemption in a bankruptcy case, the focus is solely on the exemptions which will affect creditors in the case. The fact that the debtor is keeping his home and may use the constitutional shield to protect against execution by future creditors is not relevant.”).
 

 3. Otherwise Receiving the Benefits
 

 In the foregoing analysis, we have explained that the only “benefits” referred to in section 222.25(4) are protections of the homestead against forced sale and levy and that by not claiming the article X, section 4, homestead exemption, a debtor in bankruptcy may lose that protection. This does not mean, however, that every debtor who does not assert the homestead exemption in bankruptcy is not receiving the benefits of the exemption.
 

 As several courts have explained, each case must be decided on its own facts because the debtor in bankruptcy may still receive the homestead exemption’s protections despite failing to assert the homestead exemption.
 
 In re Bennett,
 
 395 B.R. at 790 (“A debtor who does not claim the Homestead Exemption may still receive its benefits in certain limited circumstances that can only be determined on a case-by-case basis, after a fact-intensive inquiry.”). For example, in
 
 Hernandez,
 
 the debtor husband filed individually for bankruptcy and claimed entitlement to the section 222.25(4) personal property exemption.
 
 In re Hernandez,
 
 21 Fla. L. Weekly Fed. at B299. The trustee objected, arguing that because the husband’s nondebtor spouse retained the right to the homestead exemption, the debtor continued to receive the benefits of the homestead protection against creditors as well. The bankruptcy court determined that the wife’s retention of the homestead right would “prevent the trustee from administering the TBE [tenants by the entirety] property to pay any joint creditors,” which in turn meant that “the Debtor is receiving the benefits of the constitutional protection by shielding TBE assets from the reach of his joint creditors.”
 
 Id.
 
 at B300. Accordingly, the court held that the debtor could not claim the statutory personal property exemption.
 

 In light of the potential for debtors in bankruptcy who do not assert the homestead exemption to nevertheless receive its benefits, we do not hold that a debtor’s not claiming the homestead exemption in bankruptcy is sufficient evidence that a debtor is not receiving the benefits of the homestead exemption to allow a debtor to claim the section 222.25(4) personal property exemption. Consideration of the facts in each case to determine whether a debtor is otherwise receiving the homestead exemption’s legal benefits is necessary to ensure that the statutory personal property exemption is available only to those who meet the statute’s terms.
 

 4. Answering the Question
 

 As we explained above, we construe the “claim or receive the benefits”
 
 *590
 
 language narrowly, consistent with providing the broadest reasonable application of the statutory personal property exemption. Further, we rephrased the question certified by the Eleventh Circuit to better address the conflict in the federal bankruptcy courts regarding the application of section 222.25(4). Accordingly, we now answer the rephrased question in the negative and hold that where a debtor in bankruptcy elects not to claim the article X, section 4, homestead exemption and the trustee’s administration of the bankruptcy estate is not otherwise obstructed by the existence of the homestead exemption, the debtor does not receive the benefits of the homestead exemption and may claim the section 222.25(4) personal property exemption of $4000.
 

 III. CONCLUSION
 

 In summary, a debtor in a federal bankruptcy proceeding may cease to receive the constitutional protection from forced sale or levy by not claiming homestead property as exempt. Accordingly, if under the facts of the case the article X homestead exemption does not otherwise pi'es-ent an obstacle to the bankruptcy trustee’s administration of the estate, then the debt- or in bankruptcy is not receiving the benefits of the homestead exemption and is eligible to claim the statutory personal property exemption of section 222.25(4).
 
 [4]
 

 It is so ordered.
 

 PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ„ concur.
 

 [1]
 

 . The parties acknowledge that the Debtor in this case is now deceased but state that the issue regarding the meaning of section 222.25(4) nevertheless requires resolution in light of the conflicting opinions in the federal courts.
 

 [2]
 

 . Another article in the state’s constitution provides homestead property with tax exemptions.
 
 See
 
 art. VII, § 6, Fla. Const.
 

 [3]
 

 . Section 222.20 provides as follows:
 

 In accordance with the provision of s. 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. s. 522(b)), residents of this state shall not be entitled to the federal exemptions provided in s. 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. s. 522(d)). Nothing herein shall affect the exemptions given to residents of this state by the State Constitution and the Florida Statutes.
 

 But section 222.201, Florida Statutes (2007), expressly allows individual debtors to exempt "in addition to any other exemptions allowed under state law, any property listed in section (d)(10) of s. 522,” which in turn exempts debtors' rights to receive certain benefits, such as social security benefits, veterans’ benefits, and unemployment compensation.
 

 [4]
 

 . In this case, we have limited our opinion to answering the certified question regarding a Florida statute. Accordingly, we did not address other issues raised that pertain to the federal bankruptcy proceeding. Such issues are more appropriately addressed by the Eleventh Circuit.