[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15355
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-60686-CV-AJ,
BKCY No. 07-17750-BKC-JK

DENISE J. DUMOULIN,

Debtor,

_____

LESLIE S. OSBORNE,

Plaintiff-Appellant,

versus

DENISE J. DUMOULIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 10, 2011)

Before DUBINA, Chief Judge, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

The question presented on appeal is whether a debtor who elects not to claim a homestead exemption and indicates an intent to surrender the property is entitled to the additional exemptions for personal property under Fla. Stat. § 222.25(4).

Chapter 222 of the Florida Statutes addresses what real and personal property a Florida resident may claim as exempt during certain legal proceedings including bankruptcy. Section 222.25 exempts personal property other than a homestead.[1] In 2007, subparagraph 4 was added to permit a debtor to increase the amount of personal exemptions "if the debtor does not claim or receive the benefits of a homestead exemption." Fla. Stat. § 222.25(4).

In this case, Denise Dumoulin filed a voluntary Chapter 7 bankruptcy petition. Although she initially filed a schedule of assets claiming an exemption for her homestead along with a notice indicating her intent to surrender the property, she later amended the schedule of assets to remove the homestead exemption, indicate her intent to surrender the property, and seek additional personal property exemptions under Fla. Stat. § 222.25(4). Trustee Leslie Osborne objected to the additional exemptions on the ground that Dumoulin was not entitled to claim exemptions under § 222.25(4).

---

[1] Generally, homestead exemptions arise under the Florida Constitution, Art. X, § 4.

2

The bankruptcy court overruled the objection, concluding Dumoulin had not "received the benefit" of the homestead exemption under § 222.25(4) because she amended the schedule of assets to remove the homestead exemption and had indicated her intent to surrender the property, and thus she was entitled to additional exemptions.

The trustee appealed to the district court, which affirmed the bankruptcy court's order overruling the objection to the claim of exemption, and the trustee appealed.[2]  Because the Florida courts were split on the interpretation of § 222.25(4), we certified the controlling question to the Florida Supreme Court, which rephrased the question as follows:

> Whether for the purpose of the statutory personal property exemption in section 222.25(4), a debtor in bankruptcy receives the benefits of Florida's article X, section 4, constitutional homestead exemption where the debtor owns homestead property but does not claim the homestead exemption in bankruptcy and the trustee's administration of the property is not otherwise impeded by the existence of the homestead exemption.

*Osborne v. Dumoulin*, – So.3d –, 2011 WL 320986 (Fla. Feb. 3, 2011).

II. Standard of Review

In the bankruptcy context, we sit as a "second court of review" and thus "examine[] independently the factual and legal determinations of the bankruptcy

---

[2]  We note that the debtor is now deceased.  *See Osborne*, 2011 WL 320986, at *11 n.1. Under Bankruptcy Rule 1016, the death of the debtor does not abate a Chapter 7 petition.

court and employ[] the same standards of review as the district court." *In re*

*Optical Technologies, Inc.*, 425 F.3d 1294, 1299-1300 (11th Cir. 2005); *In re Issac*

*Leaseco, Inc.*, 389 F.3d 1205, 1209 (11th Cir. 2004) (quotation marks and citation

omitted). Generally, we review legal conclusions by either the bankruptcy court or

the district court *de novo*.[3] *In re Financial Federated Title & Trust, Inc.*, 309 F.3d

1325, 1328-29 (11th Cir. 2002).

III. Analysis

Section 222.25 exempts personal property other than a homestead, but

allows for an expanded personal property exemption to qualified debtors, i.e., those

who did not claim any homestead exemption. Fla. Stat. § 222.25(4). "The intent

of the statute appears to be to give a debtor who lacks homestead protections some

extra personal exemptions." *In re Rogers*, 396 B.R. 100, 102 (M.D. Fla. 2008)

Under the terms of the statute, the extra personal exemptions are not

available to debtors who either (1) claim a homestead exemption under the Florida

Constitution, or (2) receive the benefits of a homestead exemption under the

Florida Constitution. *Id.* at 102-03. The second clause applies to debtors who do

not affirmatively claim a homestead exemption. The statute prevents such debtors

---

[3] Although we generally review factual findings for clear error, *In re Financial Federated Title & Trust, Inc.*, 309 F.3d 1325, 1329 (11th Cir. 2002), in this case the parties stipulated to the facts and the bankruptcy court made no factual findings.

from claiming the additional personal property exemption if they indirectly "receive the benefits of" the homestead exemption. *Id.* Thus, the issue is what constitutes "receiving the benefits" of the homestead exemption.

The trustee argues that both the terms "claim" and "receive the benefits" in § 222.25(4) must be given meaning. According to the trustee, every person who owns a homestead *receives the benefits* of that homestead and would be precluded from claiming the exemption. The trustee further explains that the definition of benefit includes those interests which are never realized.[4]

The Florida Supreme Court has read the personal property exemption liberally. *Osborne v. Dumoulin*, __ So.3d __ 2011 WL 320986, at *7 (Fla. Feb. 3, 2011). Benefits, according to the state supreme court, are the protection of the homestead from creditors. *Id.* at *8. To "claim or receive" the benefits within the meaning of the § 222.25(4) gives the debtor the option to claim the homestead exemption. When the debtor elects not to do so, thus surrendering the home to the

---

[4] The trustee also argues that the court ignored the bankruptcy rules limiting the time in which a debtor can amend the schedule of assets or the statement of intention. Courts have no "discretion to deny amendments to claims of exemption, unless a showing of bad faith by the debtor or prejudice to a creditor is made by clear and convincing evidence." *In re Jordan*, 332 B.R. 472, 475 (Bankr. M.D. Fla. 2005) (*citing Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982); *In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995)). Here, there is no claim that the debtor acted in bad faith in amending her schedules or that any creditor has been prejudiced. Thus, trustee's argument regarding the timeliness of the amended schedules is without merit.

bankruptcy trustee, the debtor has lost the benefits of the homestead exemption.[5]

*Id.* at *9.

> In addressing our certified question, the Florida Supreme Court has held that

> where a debtor in bankruptcy elects not to claim the constitutional homestead exemption and the trustee's administration of the bankruptcy estate is not otherwise obstructed by the existence of the homestead exemption, the debtor does not receive the benefits of the homestead exemption and may claim the section 222.25(4) personal property exemption of $4000.

*Id.* at *11.  Accordingly, because the debtor in this case amended her election and did not take the homestead exemption and indicated her intent to surrender the property, she was entitled to the personal property exemption.  We therefore affirm the bankruptcy court.

**AFFIRMED.**

---

[5] The debtor need not actually abandon the homestead under this analysis.  *Osborne*, 2011 WL 320986, at *9.  But the state supreme court noted that the analysis depended on the facts of the case and conceded that there could be circumstances in which a debtor elected the personal property exemption instead of the homestead but continued to receive the benefits of the homestead exemption.  For example, if a husband filed for bankruptcy individually while the nondebtor spouse retained the homestead exemption.  *Id.* at *10.  That is not the factual scenario in this case.