**In re Jose A. BARANDIARAN, Debtor.**

**No. 9:11–bk–17780–JPH.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Jan. 27, 2012.

Brian D. Zinn, Fort Myers, FL, for Debtor.

***ORDER SUSTAINING TRUSTEE'S OB-JECTION TO DEBTOR'S CLAIM OF EXEMPTION*** (Doc. 10)

JEFFERY P. HOPKINS, Bankruptcy Judge.

*Introduction*

Pursuant to Florida Statutes section 222.25(4), a debtor in bankruptcy may

exempt his interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under Article X, Section 4 of the Florida Constitution.[1] As noted in the Florida Supreme Court's decision in *Osborne v. Dumoulin,* 55 So.3d 577 (Fla. 2011), a debtor in bankruptcy, in certain circumstances, can still "receive the benefits" of Florida's constitutional homestead exemption even where that exemption is not claimed by the debtor as the basis for exempting property from the bankruptcy estate. In this case, while the Debtor did not claim an exemption based on the Florida constitutional homestead exemption, the Court finds that the Debtor is nevertheless "receiving the benefits" of such exemption. Therefore, the Debtor is prohibited from also claiming the additional $4,000 wildcard exemption. However, in this case, the Debtor has claimed the wildcard exemption. Accordingly, based on the Court's finding that the Debtor is receiving the benefits of Florida's constitutional homestead exemption, the Court will sustain the chapter 7 Trustee's ("Trustee") objection to the Debtor's claim of the wildcard exemption. Consequently, the property claimed as exempt on the Debtor's Schedule C pursuant to Florida Statutes section 222.25(4) will remain property of the estate.

### Procedural Posture

This matter came on for hearing before the Court on December 13, 2011 on the Trustee's Objection to the Debtor's Claim of Exemption (the "Objection") (Doc. 10). The Court has also considered the Debtor's Response to the Objection (Doc. 19) and the Trustee's Reply (Doc. 21).

### Facts

The Debtor in this case is married; however, his spouse has not joined him in the filing of this bankruptcy case. The Debtor and his non-filing spouse own certain real property as tenants by the entireties ("TBE"). On his Schedule C, the Debtor did not claim or rely on the Florida constitutional exemption to exempt the real property. Instead, the Debtor elected to exempt his interest in the real property pursuant to 11 U.S.C. § 522(b)(3)(B) (the "TBE exemption").[2] In addition to claiming the real property as exempt under the TBE exemption, the Debtor also claimed a potential tax refund, as well as 2005 Mazda 3 automobile, as exempt property pursuant to Florida Statutes section 222.25(4).

### Positions of the Parties

The Trustee objected to the Debtor's attempted use of the wildcard exemption based on her assertion that the Debtor is "receiving the benefits" of the Florida constitutional homestead exemption, and is, therefore, not permitted also to take advantage of the wildcard exemption. The Debtor counters that the TBE exemption afforded by 11 U.S.C. § 522(b)(3)(B) is a different exemption than the Florida constitutional exemption. Based on this distinction, and the fact that he has not claimed the Florida constitutional exemption, the Debtor asserts that he is not "receiving the benefits" of the constitutional exemption and may, therefore, take advantage of both the TBE exemption and the wildcard exemption. The Court must determine whether the Debtor is "receiv-

---

1. This statutory exemption is colloquially known by members of the bar as the "wildcard" exemption and may be referred to as such in this Order.

2. This provision allows a debtor in bankruptcy to exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable non-bankruptcy law."

ing the benefits" of the Florida constitutional exemption even though he has not expressly claimed or relied on that exemption in Schedule C to exempt the real property.

*Legal Analysis*

 Admittedly, the TBE exemption provides debtors a distinct, alternative basis—apart from the Florida constitutional exemption—for exempting real property.[3] At least one court has recognized the distinction between the two exemptions and ruled that a debtor who exempts a residence under § 522(b)(3)(B) does not claim or receive the benefits of the Florida constitutional exemption. *See In re Fyock,* 391 B.R. 882, 885 (Bankr.M.D.Fla.2008). Accordingly, in *Fyock,* the court held that the debtor was entitled to take advantage of both the TBE exemption and the wildcard exemption.

 Unfortunately for the Debtor, the Florida Supreme Court's recent decision in *Osborne v. Dumoulin* casts doubt on—if not implicitly overrules—the continued validity of *Fyock.* In *Osborne,* the court interpreted what it means for a debtor to "receive the benefits" of the Florida constitutional exemption as that phrase is used in Florida Statutes section 222.25(4). The *Osborne* court explained that the only "benefits" received by a debtor under the Florida constitutional exemption, and as referred to in Florida Statutes section 222.25(4), are protections of the homestead against the forced sale and levy by creditors. *Osborne,* 55 So.3d at 587; *cf. In re Hernandez,* 2008 WL 1711528 at *4 (Bankr.S.D.Fla. Apr. 10, 2008) (noting that the Florida constitutional exemption does not provide any benefits other than protecting the homestead from execution by creditors); *In re Bennett,* 395 B.R. 781, 788 (Bankr.M.D.Fla.2008) (Williamson, J.)

("the Homestead Exemption found in Article X of the Florida Constitution only provides one benefit—it shields the home from forced judicial sale").

After defining the benefits afforded by the Florida constitutional exemption, the *Osborne* court noted that a debtor in bankruptcy can lose those benefits where he does not claim the constitutional exemption. *Osborne,* 55 So.3d at 588. By not exempting the homestead under the Florida constitutional provision, the debtor subjects the property to the potential administration by the trustee, thereby risking the potential sale of the property. Whether or not the property is actually administered by the trustee as an asset of the bankruptcy estate is irrelevant. *Id.*

In the next section of its opinion, however, the *Osborne* court took care to expressly note that even where a debtor does not affirmatively exempt the homestead under the constitutional provision, that debtor may nevertheless "receive the benefits" of the constitutional exemption. *Id.* at 589 (stating that just because a debtor in bankruptcy may lose the protection of the constitutional homestead exemption by not claiming the exemption does not mean "that every debtor who does not assert the homestead exemption in bankruptcy is not receiving the benefits of the exemption"). The court explained that each case must be decided on its own facts, and specifically cited *In re Hernandez* as an example of when a debtor may receive the benefits of the Florida constitutional exemption even though he has not claimed that exemption or relied on the constitutional provision as the basis for exempting property from the bankruptcy estate. *Id.*

The *Hernandez* court was confronted with the identical argument advanced by

---

**3.** While not relevant to the instant case, the Court notes that the TBE exemption is not expressly limited to real property, and the statute's language of "any interest in property" extends to encompass personal property as well.

the Debtor in this case, namely that the property owned by the debtor and his non-filing spouse as TBE was exempt under § 522(b)(3)(B)—as opposed to the Florida constitutional exemption. As such, the debtor in *Hernandez*, like the Debtor here, claimed entitlement to both the TBE exemption and the wildcard exemption. The court rejected this argument, holding that the non-debtor spouse's right to assert the homestead exemption could effectively thwart the bankruptcy trustee from selling or administering the homestead, even for the benefit of joint creditors. The legal effect of the non-debtor spouse's right to assert the Florida constitutional exemption meant that the debtor spouse was still "receiving the benefits" of the Florida constitutional exemption, even though he had not claimed that exemption in his bankruptcy case. Consequently, the debtor was ruled ineligible for the wildcard exemption. The court noted that a different outcome would have obtained if the non-debtor spouse had affirmatively waived the right to claim the homestead protection. No such waiver existed, however, either in *Hernandez* or in this case.

Other courts have also reached a similar conclusion. *See, e.g., In re Watford*, 427 B.R. 552, 559 (Bankr.S.D.Fla.2010) (holding that where a married debtor files an individual bankruptcy case and claims the § 522(b)(3)(B) TBE exemption, the debtor "indirectly obtains the benefit of Florida's constitutional homestead protection" by virtue of the non-debtor spouse's ability to claim the homestead exemption); *cf. In re Bennett*, 395 B.R. 781, 790 (Bankr. M.D.Fla.2008) (Williamson, J.) (noting that a debtor who does not claim a homestead exemption can still receive its benefits in certain limited circumstances, such as where a debtor allows the homestead to remain property of the estate by not claiming any exemption, but nevertheless receives the benefits on account of a non-debtor spouse's ability to shield the real property from administration by the trustee).

While *Hernandez, Watford*, and *Bennett* were all decided prior to the Florida Supreme Court's decision in *Osborne*, the *Osborne* court did cite both *Hernandez* and *Bennett* with approval, and the holding in *Hernandez* is consistent with the analysis contained in *Osborne*. Furthermore, at least one post-*Osborne* court has suggested that its interpretation of *Osborne* is consistent and compatible with the holdings of *Hernandez, Bennett*, and *Watford*. *See In re Orozco*, 444 B.R. 472, 477–78 (Bankr.S.D.Fla.2011) (noting that in the case of a married debtor who owns property in the TBE form, a debtor can indirectly receive the benefit of the homestead exemption through the non-filing spouse; but holding that because the debtor in *Orozco* was divorced, the property was not owned as TBE and therefore no such indirect benefit through the ex-spouse existed).

This Court agrees with the reasoning expressed in *Hernandez* and, and sees no reason to depart from its holding. Therefore, as directed by *Osborne*, the Court has evaluated the specific facts of this case, and concludes that even though the Debtor has claimed the TBE exemption, he is nevertheless "receiving the benefits" of the Florida constitutional exemption vis-a-vis his non-debtor spouse's ownership of the property in the TBE form and her corresponding right and ability to prevent the forced sale of the property. Because the Debtor is receiving the benefits of the Florida constitutional exemption, he is prohibited from claiming the wildcard exemption. Accordingly, it is

**ORDERED** that the Trustee's objection is **SUSTAINED**. The Debtor may not claim the wildcard exemption, and any property claimed as exempt on Schedule C

pursuant to that exemption is hereby declared property of the estate.

**DONE AND ORDERED.**