**In re Edwin Wayne RODALE and Jamie Cathleen Rodale, Debtors.**

No. 3:10–bk–6845–PMG.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 23, 2011.

. J. Russell Collins, Lerone Thurston, Rusty Law, LLC, St. Augustine, FL, for Debtors.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court to consider the Trustee's Objection to Claim of Exemptions. (Doc. 15).

On their Schedule C, the Debtors listed various items of personal property as exempt pursuant to § 222.25(4) of the Florida Statutes. The Trustee asserts that the exemptions under § 222.25(4) are not available to the Debtors because they are receiving the benefits of a homestead exemption pursuant to the Florida Constitution.

Based on the decision of the Supreme Court of Florida in *Osborne v. Dumoulin,*

55 So.3d 577 (Fla.2011), the Court finds that the Trustee's Objection to Claim of Exemptions should be overruled, and the exemptions claimed by the Debtors under § 222.25(4) of the Florida Statutes should be allowed.

## Background

The Debtors, Edwin Wayne Rodale and Jamie Cathleen Rodale, filed a petition under Chapter 7 of the Bankruptcy Code on August 5, 2010.

On their schedule of assets, the Debtors listed certain real property located at 841 Templeton Lane, Ponte Vedra, Florida (the Home). The Home is the Debtors' residence. The scheduled value of the Home is $219,384.00, and the Home is encumbered by two mortgages in the aggregate scheduled amount of approximately $289,395.00.

The Debtors did not claim the Home as exempt on their Schedule C. On their Chapter 7 Statement of Intention regarding Joint Debts, the Debtors indicated that they intended to retain the Home and to reaffirm the two mortgages. (Doc. 19).

On their "Schedule B—Personal Property," the Debtors listed certain financial accounts, household furnishings, personal effects, and miscellaneous computer equipment with an aggregate scheduled value of approximately $2,148.00. The Debtors also listed two vehicles on their schedule of personal property: (1) a 2004 Ford F150 truck valued at $5,150.00; and (2) a 2004 Ford Mustang convertible valued at $4,125.00. The vehicles are not encumbered by any liens.

On their Schedule C, the Debtors listed their household furnishings and personal effects as exempt pursuant to § 222.061 of the Florida Statutes. The Debtors also listed their financial accounts, computer equipment, and a portion of their interest in the vehicles as exempt pursuant to § 222.25(4) of the Florida Statutes. The total amount of the exemptions claimed pursuant to § 222.25(4) equals the sum of $8,000.00.

## Discussion

The Chapter 7 Trustee asserts that the exemptions provided by § 222.25(4) of the Florida Statutes are not allowable in this case because the Debtors are receiving the benefits of a homestead exemption under article X, section 4 of the Florida Constitution.

Article X, section 4(a)(1) of the Florida Constitution provides in part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, . . . the following property owned by a natural person:

(1) a homestead, . . . if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family.

Fla. Const. art. X, § (4)(a)(1). "To qualify for protection under Article X, section 4 of the Florida Constitution, a parcel of property must meet constitutionally defined size limitations and must be owned by a natural person who is a Florida resident who either makes or intends to make the property that person's residence." *Cutler v. Cutler*, 994 So.2d 341, 343 (Fla. 3d DCA 2008).

In addition to the homestead exemption for real property, the Florida Constitution and Florida statutes also provide Florida residents with certain exemptions for personal property. Article X, section 4 of the Florida Constitution, for example, provides an exemption for personal property "to the value of" $1,000.00. Fla. Const. Art. X, § 4(a)(2). Further, certain statutory exemptions for personal property are provid-

ed by Chapter 222 of the Florida Statutes. The personal property exemption at issue in this case is found at § 222.25(4) of the Florida Statutes. Section 222.25(4) of the Florida Statutes provides:

**222.25. Other individual property of natural persons exempt from legal process**

The following property is exempt from attachment, garnishment, or other legal process:

. . .

(4) A debtor's interest in personal property, not to exceed $4,000.00, *if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution.*

Fla. Stat. § 222.25(4) (Emphasis supplied). Generally, the statute provides that a debtor may claim personal property up to the value of $4,000.00 as exempt, unless the debtor either "claims" a homestead exemption or "receives the benefits of" a homestead exemption under Art. X, § 4 of the Florida Constitution. *In re Kent,* 411 B.R. 743, 749 (Bankr.M.D.Fla.2009) (citing *In re Gatto,* 380 B.R. 88, 91 (Bankr.M.D.Fla. 2007)). If a debtor claims or receives the benefits of the constitutional homestead exemption, he may only claim an exemption for personal property with a value of $1,000.00 pursuant to the personal property exemption provided by the Florida Constitution. If he does not claim or receive the benefits of the constitutional homestead exemption, however, he may claim an additional exemption for personal property with a value of $4,000.00 pursuant to the "wildcard" exemption of § 222.25(4).

Florida residents who file bankruptcy petitions may claim the exemptions that are provided by the Florida Constitution and Florida Statutes. See Fla. Stat. § 222.20 (Florida has opted out of the federal bankruptcy exemptions that are provided by § 522(d) of the Bankruptcy Code.).

In some bankruptcy cases, Florida debtors who own and reside in a home do not claim the homestead exemption on their bankruptcy schedules. These same debtors, however, sometimes claim exemptions for personal property in the amount allowed pursuant to the wildcard exemption of § 222.25(4). In such cases, the issue is whether the debtors are "receiving the benefits of" Florida's constitutional homestead exemption by virtue of their home ownership, even though they did not affirmatively claim the exemption in their bankruptcy case. If the debtors are "receiving the benefits of" the constitutional homestead exemption, of course, they do not qualify for the personal property exemption that they have claimed under the wildcard statute.

### I.  *Osborne v. Dumoulin*

In *Osborne v. Dumoulin,* 55 So.3d 577 (Fla.2011), the Supreme Court of Florida addressed the following question, as rephrased, that was certified by the Eleventh Circuit Court of Appeals:

Whether for the purpose of the statutory personal property exemption in section 222.25(4), a debtor in bankruptcy receives the benefits of Florida's article X, section 4, constitutional homestead exemption where the debtor owns homestead property but does not claim the homestead exemption in bankruptcy and the trustee's administration of the property is not otherwise impeded by the existence of the homestead exemption.

*Osborne v. Dumoulin,* 55 So.3d 577. The Court concluded that:

. . . a debtor in a federal bankruptcy proceeding may cease to receive the constitutional protection from forced sale or levy by not claiming homestead property as exempt. Accordingly, if under the

facts of the case the article X homestead exemption does not otherwise present an obstacle to the bankruptcy trustee's administration of the estate, then the debtor in bankruptcy is not receiving the benefits of the homestead exemption and is eligible to claim the statutory personal property exemption of section 222.25(4). *Id.* at 590.

According to the stipulated facts in *Dumoulin*, the debtor's home was in foreclosure proceedings at the time that she filed her Chapter 7 case. *Osborne v. Dumoulin*, 2009 WL 1090334, at *1 (11th Cir.). The debtor originally claimed the home as exempt, and indicated her intent to surrender the property. She later amended her Schedule C, however, to delete the homestead exemption and add the personal property exemptions pursuant to the wildcard provision. The Trustee objected to the exemption claimed for the personal property.

The issue was whether the debtor was receiving the benefits of Florida's constitutional homestead exemption, even though she was not claiming the exemption in her bankruptcy case.

In evaluating the issue, the Supreme Court of Florida first determined that the only "benefit" of the constitutional homestead exemption is the protection of the homestead from creditors.[1] The Court then reasoned that this benefit was lost if a debtor did not claim the exemption in bankruptcy, because the property became subject to administration by the trustee in bankruptcy. In other words, the Court found that the constitutional homestead exemption "ceased to have any legal effect" if not claimed in the bankruptcy case,

since the property was effectively surrendered to the trustee for administration. In such a case, the debtor did not receive any of the constitutional exemption's benefits, even if the trustee ultimately decided not to administer the home as an asset of the bankruptcy estate. Accordingly, the Court found that a debtor who does not claim a constitutional homestead exemption in a bankruptcy case generally may claim the "wildcard" exemption for personal property pursuant to § 222.25(4) of the Florida Statutes.

The Court declined to hold, however, that the failure to claim a constitutional homestead exemption conclusively establishes that the debtor is not receiving the benefits of the constitutional exemption. If the existence of the constitutional exemption otherwise prevents the trustee from administering the homestead property, for example, the debtor may be receiving the exemption's protections even though it was not affirmatively claimed in the bankruptcy case. The example considered by the Court was where a nondebtor spouse held the exemption rights to the debtor's home, and the spouse's retention of those rights adversely affected the trustee's ability to administer the property. In such a case, the debtor indirectly benefitted from the nondebtor spouse's entitlement to the constitutional exemption's protection against creditors. Consequently, in determining whether a debtor is otherwise receiving the benefits of the constitutional homestead, the Court found that each case must be decided on its particular facts.

The holding of the Florida Supreme Court was recognized by the Eleventh Cir-

---

[1]. The constitutional homestead exemption is not the only benefit for a homestead, but it is the benefit that is the subject of examination for the purpose of § 222.25(4) Fla. Stats. "At times, also, separate and distinct chameleons,

one of one size and one of another, perch on a single object." Harold B. Crosby and George John Miller, *Our Legal Chameleon, the Florida Homestead Exemption*, 2 U.Fla.L.Rev. 12, 13.

cuit Court of Appeals in *Osborne v. Dumoulin*, 2011 WL 1772160 (11th Cir.).

## II. Applying *Dumoulin*

▮ A general rule of *Dumoulin* is that a debtor who does not affirmatively claim Florida's constitutional homestead exemption in his bankruptcy case, and who does not have a spouse who separately asserts the homestead exemption for a jointly-owned home, is entitled to claim the "wildcard" personal property exemption pursuant to § 222.25(4) of the Florida Statutes. Under these circumstances, the Florida Supreme Court found that the debtor does not receive the benefits of the constitutional homestead exemption because the property is subject to administration by the bankruptcy trustee.

The case currently before this Court, however, differs from the circumstances in *Dumoulin* in two important respects.

First, the schedules in this case indicate that the mortgages against the Debtors' Home exceed the Home's value by approximately $70,000.00. In *Dumoulin*, the relationship of the secured debt to the value of the debtor's home was not a factor.

Second, in this case, the Debtors have indicated their intent to retain their Home and to reaffirm the debt on the property. In *Dumoulin*, the debtor expressly stated her intent to surrender the real property.

The issue before the Court, therefore, is whether a debtor "receives the benefits of" a homestead exemption within the meaning of *Dumoulin* where the trustee is unlikely to administer the property because it has no value for the estate, and where the debtor intends to retain the property as his residence.

This Court has previously determined that a debtor in similar circumstances receives the benefits of the constitutional homestead exemption, and therefore does not qualify for the wildcard personal property exemption under § 222.25(4) of the Florida Statutes. *In re Kent*, 411 B.R. 743 (Bankr.M.D.Fla.2009). The Florida Supreme Court's decision in *Dumoulin* was entered after this Court's decision in *Kent*.

▮ Bankruptcy Courts "must interpret and apply the Florida exemption law in the same manner as a Florida State Court." *In re Minton*, 402 B.R. 380, 383 (Bankr. M.D.Fla.2008) (quoting *Colwell v. Royal International Trading Corporation*, 196 F.3d 1225, 1226 (11th Cir.1999)). Consequently, the Court will evaluate the Debtors' claim of exemptions in the current case in accordance with Florida law as recently determined in *Dumoulin*.

### A. Lack of equity

▮ The first question is whether a debtor receives the benefits of an unclaimed homestead exemption where the property has no value for the estate, and the trustee is therefore unlikely to administer the property in the bankruptcy case. The situation arises where the amount of the liens against the home exceed the home's value. The Florida Supreme Court answered this question by determining that any benefit that a debtor receives from the trustee's failure to administer the property is not a benefit under the constitutional homestead exemption. The Court stated:

> In some cases, a bankruptcy trustee may decide not to administer the homestead property but to leave the home in the debtor's possession because, for example, there is little or no equity in the home. This decision by the trustee, however, does not negate the debtor's loss of the benefits of the homestead exemption. *Whatever benefits may flow to the debtor as a consequence of the trustee's decision, those benefits are not "benefits of a homestead exemption."*

Because the debtor did nothing to prevent the administration by the trustee of the real property which constituted the debtor's home, the homestead exemption has ceased to have any legal effect with respect to that property, and the debtor has lost the benefits of the homestead exemption.

*Osborne v. Dumoulin,* 55 So.3d 577 (Emphasis supplied). In other words, by failing to claim the homestead exemption in the bankruptcy case, the debtor surrendered the property to the trustee and relinquished his right to claim the exemption's protections. If it turns out that the property is not actually administered in the bankruptcy case because there is no value for the estate, then the debtor benefits from the trustee's decision not to sell the home, but the benefit of the trustee's decision is separate and distinct from the benefit under the previously-surrendered constitutional exemption.

The Florida Supreme Court therefore determined that a debtor does not receive the benefits of a constitutional homestead exemption that is not claimed in his bankruptcy case, even if the homestead property is likely to be abandoned by the trustee in the case because it has no value for the estate. Consequently, such a debtor may claim the "wildcard" personal property exemption under § 222.25(4) of the Florida Statutes, provided he does not otherwise receive the benefits of the homestead exemption. See also *In re Iuliano,* 2010 WL 5452726, at *4–5 (Bankr.M.D.Fla.), *aff'd* 2011 WL 1627172 (M.D.Fla.).

**B. Intent to retain the property**

■ The second question is whether a debtor receives the benefits of an unclaimed homestead exemption where the debtor intends to retain the property as his residence.

The debtor in *Dumoulin* had declared her intent to surrender her homestead property. She did not plan to maintain an ownership interest in the home. *Osborne v. Dumoulin,* 2009 WL 1090334, at *1.

In the case before the Court, however, the Debtors filed a Chapter 7 Statement of Intention declaring that they intend to retain the Home and to reaffirm the mortgages on the property. (Doc. 19). Mr. Rodale testified that the Debtors were continuing to live in the Home, that they had attempted to modify the mortgages before the bankruptcy petition was filed, that they had reapplied for a mortgage modification after the bankruptcy case was filed, and that mediation conferences were scheduled on two occasions during the course of the Chapter 7 case. According to Mr. Rodale, the Debtors would like to retain the Home, and they have no present plans to vacate the property. (Transcript, pp. 7–14).

The issue presented by these facts, therefore, is whether the general rule of *Dumoulin* should apply in a case where a debtor has formally stated his intent to retain his homestead, and where he has engaged in specific postpetition efforts to retain the home, even though he did not claim the home as exempt on his bankruptcy schedules.

The Florida Supreme Court did not specifically address whether its conclusion might be different if a debtor intends to retain and occupy his home during and after the bankruptcy case. Based on the reasoning in *Dumoulin,* however, this Court finds that a debtor who does not claim the homestead exemption in his bankruptcy case is entitled to claim the wildcard personal property exemption under § 222.25(4), even if he simultaneously declares his intent to retain the homestead property and reaffirm the home mortgage. The Court reaches this conclusion for at least two reasons.

First, the Supreme Court's decision in *Dumoulin* is predicated on the long-standing policy favoring the allowance of exemptions.

With regard to the homestead exemption, this Court "has long been guided by a policy favoring the liberal construction of the exemption.... A concomitant in harmony with this rule of liberal construction is the rule of strict construction as applied to the exceptions." *Havoco of America, Ltd. v. Hill*, 790 So.2d 1018, 1021 (Fla.2001) (citing *Milton v. Milton*, 63 Fla. 533, 58 So. 718, 719 (1912)). We apply the same rule of liberal construction in favor of the statutory exemption to determine when a debtor "receive[s] the benefits" of the homestead exemption and thus becomes ineligible to claim the section 222.25(4) personal property exemption. *Osborne v. Dumoulin*, 55 So.3d 577. "To give full effect to the statute, we read the personal property exemption liberally and thus read narrowly the phrase restricting the availability of the statutory exemption to those who do not receive the benefits of the homestead exemption." The Court stated that it "construe[d] the 'claim or receive the benefits' language narrowly, consistent with providing the broadest reasonable application of the statutory personal property exemption."

Second, the Supreme Court in *Dumoulin* found that the operative conduct on the part of the debtor was her decision not to claim the homestead exemption in her bankruptcy case.

When the debtor in bankruptcy does not claim the homestead exemption, the debtor effectively surrenders the homestead to the trustee for administration. *In re Bennett*, 395 B.R. at 790–91. Thus, the additional step of actual abandonment of the real property or an expression of intent to abandon the homestead is not required to bring the debtor within the category of those debtors who do "not claim or receive the benefits of [the article X] homestead exemption." *Osborne v. Dumoulin*, 55 So.3d 577. Under this reasoning, the debtor's statement of his intent to either retain or abandon the homestead is largely irrelevant for purposes of § 222.25(4), as long as the property is "property of the estate" subject to administration in the bankruptcy case. See *In re Orozco*, 2011 WL 462789, at *3 (Bankr.S.D.Fla.) (The Florida Supreme Court concluded that "where a debtor does nothing to prevent administration by the bankruptcy trustee he loses the benefit of the homestead exemption" and may properly claim the wildcard personal property exemption.).

Further, the Statement of Intention filed by a Chapter 7 debtor is unrelated to the status of the property as "property of the estate" and has no effect on the trustee's administration of estate property. If a Chapter 7 debtor schedules debts that are secured by property of the estate, § 521(a)(2) of the Bankruptcy Code requires the debtor to file a statement of his intention with respect to retention or surrender of the property. 11 U.S.C. § 521(a)(2). The reason for the requirement is to provide notice to the secured creditor of the debtor's intent regarding the creditor's collateral. *In re Rodgers*, 273 B.R. 186, 191 (Bankr.C.D.Ill.2002). Section 521(a)(2) is designed to "give creditors information regarding their property without the hassle of having to reach the debtor's attorney or engage in unauthorized communications with a pro se debtor." *In re Irvine*, 192 B.R. 920, 921 (Bankr.N.D.Ill.1996) (quoting *In re Bracamortes*, 166 B.R. 160, 162 (Bankr.S.D.Cal. 1994)).

In other words, a debtor's statement that he intends to retain homestead prop-

erty is directed to creditors with a mortgage on the property, and has no effect on whether the homestead is property of the estate. Neither the Statement of Intention nor any subsequent actions by the debtor to perform the intention bind the trustee in the administration of the estate.

Further, in *In re Iuliano*, 2011 WL 1627172 (M.D.Fla.), the District Court recently held that the debtors were not receiving the benefits of their nonexempt homestead, and therefore were entitled to allowance of the wildcard personal property exemption, even though they had indicated their intent to retain the homestead and actively opposed a demand by the trustee for possession of the homestead.

In *Iuliano*. as in the case currently before the Court, the debtors did not claim their homestead as exempt in their bankruptcy case. There was no equity in the homestead, but the debtors filed a Statement of Intent to retain the property. *In re Iuliano*, 2011 WL 1627172, at *1. At the same time, the debtors claimed the wildcard personal property exemption under § 222.25(4) of the Florida Statutes, and the trustee objected to the debtors' claim of the personal property exemption. The trustee also filed a motion for turnover of the homestead, and the debtors opposed the motion.

The District Court found that the debtors did not receive the benefits of the constitutional homestead exemption, even though they opposed the trustee's request for turnover of the homestead property.

A debtor's opposition to a turnover motion is not the type of impediment that prevents entitlement to the wild card exemption. The language of the Florida Supreme Court refers to the impediment to the administration being, not the Debtors themselves, but the existence of the homestead exemption.

*Id.* at *4. According to the District Court, the decision of the Florida Supreme Court in *Dumoulin* establishes that "actual surrender of the homestead property to the Trustee is not required for a debtor to claim the wild card exemption." *Id.* at *3. As long as the homestead property is "subject to" the trustee's administration, debtors in bankruptcy do not receive the benefits of the constitutional homestead exemption, even though they intend to retain the homestead property and actively oppose turnover of the homestead property to the trustee.

## Conclusion

The Debtors in this case did not claim a homestead exemption on their bankruptcy schedules. The specific issue before the Court is whether they nevertheless "receive the benefits of" Florida's constitutional homestead exemption if the trustee is unlikely to administer the property because it has no value to the estate, and if the Debtors filed a Statement indicating their intent to retain the homestead property. In these circumstances, the Debtors do not receive the benefits of the constitutional homestead exemption and are entitled to claim the wildcard personal property exemption under § 222.25(4) of the Florida Statutes.

The Florida Supreme Court has determined that a debtor does not receive the benefits of a homestead exemption even if the trustee ultimately decides not to administer the property because it has no value to the estate. Additionally, the Debtors do not receive the benefits of the homestead exemption even though they filed a Statement of Intention to retain the property and have engaged in postpetition efforts to maintain the Home as their residence. The Statement of Intention and subsequent efforts to perform the intention have no effect on the Debtors' surrender of the property for administration by

the trustee, and § 222.25(4) should be interpreted liberally in favor of allowing the exemption provided.

Accordingly:

**IT IS ORDERED** that:

1. The Trustee's Objection to Claim of Exemptions is overruled.

2. The exemptions claimed by the Debtors, Edwin Wayne Rodale and Jamie Cathleen Rodale, pursuant to § 222.25(4) of the Florida Statutes are allowed.